# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERROD FINDER, on behalf of himself and a class of others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | **CASE NO. 1:13-CV-2059 AWI-BAM**<br><br>**ORDER TO SHOW CAUSE RE JURISDICTION** |

On November 15, 2013, Jerrod Finder ("Plaintiff") brought a class action complaint in California State Court on behalf of himself and a class of others similarly situated, alleging six causes of action arising under the California Labor Code and related statutes. See Doc. 1, Exh. A, Plaintiff's Complaint. The action was removed to this Court by defendant Leprino Foods Company ("Defendant") on December 17, 2013. Doc. 1. Defendant has moved for judgment on the pleadings. Doc. 6. However, it appears from the notice of removal and the supporting papers that Defendant has failed to meet its burden to establish subject matter jurisdiction. The Court addresses its concerns regarding subject matter jurisdiction in this order to show cause.

I.     ORIGINAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

Defendant removed this action to this Court based on the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(d), which gives the district courts original jurisdiction over class actions which meet certain requirements, including that the amount in controversy is at least

$5,000,000 exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Defendant calculated that the amount in controversy is at least $6,635,577.60 based on two of the allegedly violated Labor Code sections, assuming a violation as to each potential class member and the maximum penalty for each, exclusive of interest, costs, fees, and damages sought by Plaintiff under other statutes. Doc. 1, 3:25-6:25.

Plaintiff has not alleged a specific amount in his complaint and has not objected to federal jurisdiction. See Doc. 1, Exh. A; Doc. 8. The Court is obligated to consider the matter of subject matter jurisdiction sua sponte. Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2004). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

II.     DEFENDANT'S BURDEN

Under CAFA the burden of establishing removal jurisdiction is on the proponent of federal jurisdiction. Abrego v. Dow Chem. Co, 443 F.3d 676, 685 (9th Cir. 2006).

"A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." Rodriguez v. AT&T Mobility Servs. LLC, 728 F.3d 975, 981 (9th Cir. 2013); see also Mondragon v. Capital One Auto Fin., 736 F.3d 880, 884 (9th Cir. 2013); Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004). The defendant must provide evidence establishing that it is more likely than not that the amount in controversy is met. Valdez, 372 F.3d at 1117.

"[S]peculative and self-serving assumptions about key unknown variables" to support a calculation of the amount in controversy are insufficient to support removal jurisdiction under CAFA. Garibay v. Archstone Cmtys. LLC, 539 Fed. Appx. 763, 764 (9th Cir. 2013). "[A] burden of proof usually requires the party bearing the burden to present evidence upon which the district court may rely to find that the party has met its burden." Mondragon, 736 F.3d at 884.[1]

The evidence presented by the defendants in Garabay, which led the Ninth Circuit to affirm

---

[1] The Ninth Circuit acknowledged that the requirement of evidentiary proof of propositions that appear likely on their face would result in inefficiency. Mondragon, 736 F.3d at 884. Although it was likely in Mondragon that many of the prospective class members were California citizens based on residential addresses, it was also likely that some were not because they may have maintained legal citizenship elsewhere. Id. There was "simply no evidence" supporting a finding that enough prospective class members were California citizens. Id.

1  the Central District's holding that the defendants did not meet their burden to prove the amount in
2  controversy by a preponderance of the evidence, was "a declaration by their supervisor of payroll,
3  which sets forth only the number of employees during the relevant period, the number of pay
4  periods, and general information about hourly employee wages." Garabay, 539 Fed. Appx. at 764.
5  The plaintiff alleged violations of California Labor Code sections 203, 226, and 226.7 for failure to
6  pay earned wages upon termination, failure to provide accurate itemized wage statements, and
7  failure to provide adequate meal or rest breaks, respectively. Id. For each of these alleged
8  violations, the defendant concluded that every single class member would be would be entitled to
9  recover penalties for every single pay period, and would be entitled to the maximum statutory
10 penalty. Id. However, the defendant did not provide any evidence to support these assertions, and it
11 did not meet its burden to demonstrate that at least $5,000,000 was in controversy as required for
12 federal jurisdiction under CAFA. Id.

13      In the past, courts have held that defendants seeking original jurisdiction under CAFA could
14 properly calculate the amount in controversy based on a 100% violation rate. E.g., Coleman v. Estes
15 Express Lines, Inc., 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010). However, since the Ninth Circuit
16 decision in Garabay in 2013, courts have rejected the unsupported use of 100% violation rates. E.g.,
17 Brandon v. C.H. Robinson Co., 2014 U.S. Dist. LEXIS 81043, *7-8 (E.D. Cal. June 11, 2014);
18 Carag v. Barnes & Noble, Inc., 2014 U.S. Dist. LEXIS 74215,*7 (E.D. Cal. May 30, 2014);
19 Emmons v. Quest Diagnostics Clinical Labs., Inc., 2014 U.S. Dist. LEXIS 18024, *18-19 (E.D.
20 Cal. Feb. 11, 2014).

21      Several class actions brought under California labor statutes and removed to this district did
22 not meet the requirements to establish subject matter jurisdiction under CAFA based on evidence
23 similar to that presented in Garabay –a declaration provided by a relevant employee identifying the
24 number in the class and their average hourly wage, and a calculation based on 100% violation of
25 every pay period and maximum statutory penalties. E.g., Brandon, 2014 U.S. Dist. LEXIS 81043 at
26 *8; Carag, 2014 U.S. Dist. LEXIS 74215 at *7. Specifically, "[a] declaration stating the class size
27 and the number of pay checks issued during the years prior to this action, together with assumptions
28 as to erroneous payments for each and every employee, is not sufficient to establish that the amount

1  in controversy exceeds $5,000,000 […] under the preponderance of the evidence standard."
2  Emmons, 2014 U.S. Dist. LEXIS 18024 at *19. "While defendants cannot be expected to try the
3  case in order to establish jurisdiction, the burden should not be improperly shifted to Plaintiffs nor
4  should the strong presumption against removal jurisdiction be ignored." Id. at *28.

5  Here, the burden is on Defendant to establish federal jurisdiction, including the amount in
6  controversy, by a preponderance of the evidence. Plaintiff's proposed class is composed of the
7  defendants' non-exempt California employees within four years prior to the commencement of the
8  action who: 1) were not provided a second lawful meal break when working at least ten hours per
9  day; 2) were separated from employment and to whom defendants failed to timely pay all wages
10 due; or 3) to whom Defendants failed to provide accurate itemized wage statements. Doc. 1, Exh.
11 A, ¶ 23. Plaintiff's complaint alleges violations of the same three California Labor Code sections as
12 in Garabay, among other California statutes, and does not allege a 100% violation rate as to the
13 class or any subclass. See Doc. 1, Exh. A, ¶¶ 16-20.

14 Defendant has presented the same type of evidence which was considered insufficient in
15 Garabay and the subsequent cases: a calculation based on an unsupported 100% violation rate and
16 maximum statutory penalties, based on a declaration by Defendant's Vice President/Controller,
17 Paul Adams. Doc. 1, 3:25-6:25. The declaration identifies the number of pay periods for non-
18 exempt employees in California, the number of relevant non-exempt employees for the statutory
19 periods, and the average hourly rate. Doc. 1, Exh. G, ¶¶ 4-6.

20 Defendants calculated amount in controversy relies on speculation and unsupported
21 assumptions. Defendant has not provided any evidence supporting its assumption that each non-
22 exempt employee during the relevant period was harmed under California Labor Code section 226
23 for failure to provide itemized wage statements, nor that they each would be entitled to the
24 maximum penalty. Defendant also does not provide evidence to support its assumption that each
25 non-exempt employee that worked a ten-hour shift prior to their separation during the relevant
26 period was harmed under Labor Code section 203 for failure to pay earned wages upon termination.
27 Defendant has not established that it is more likely than not that the 100% violation rate assumption
28 is appropriate under either statute; hence, that assumption, and that maximum statutory penalties

will apply to each potential class member, are the same "speculative and self-serving assumptions about key unknown variables" identified and found to be insufficient in Garabay.

Accordingly, as pled, Defendant has not demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000 as required to establish original jurisdiction under CAFA. Defendant is ordered to show cause within 30 days why this case should not be remanded to the state court for lack of this court's subject matter jurisdiction.

III.    ORDER

For the foregoing reasons, Defendant is ORDERED to file a response to this order to show cause addressing the issues raised above within 30 days from the date of entry of this order. Failure to file a timely response will result in remand of this action to the Superior Court of California, County of Kings, from which it was removed.

IT IS SO ORDERED.

Dated:   August 21, 2014                                                 /s/ 
                                                SENIOR  DISTRICT  JUDGE