**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JERROD FINDER, on behalf of himself and a class of others similarly situated,**<br><br>**Plaintiff**<br><br>v.<br><br>**LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1 through 50, inclusive,**<br><br>**Defendants** | CASE NO. 1:13-CV-2059 AWI-BAM<br><br>**ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br><br>**(Doc. 6)** |

**I. Background**

Jerrod Finder ("Plaintiff") is a former employee of Leprino Foods Company ("Defendant"). He alleges that he was not provided meal breaks as required by California law. Plaintiff filed suit in state court; his proposed class action complaint contains five causes of action: (1) failure to provide meal periods in violation of California Labor Code §§ 512 and 226.7, (2) failure to provide accurate wage statements in violation of California Labor Code § 226, (3) failure to promptly pay wages due in violation of California Labor Code §§ 201 and 202, (4) violation of California Business & Professions Code § 17200, and (5) enforcement of California Labor Code provisions under the Private Attorney Generals Act ("PAGA"). Doc. 1. Defendant removed the case to federal court, asserting subject matter jurisdiction under the Class Action Fairness Act ("CAFA"). The court raised questions about the adequacy of the amount in controversy. Doc. 13. Defendant has filed a written response to address the issue. Doc. 14. Defendant filed a motion for judgment on the

pleadings. Doc. 6. The motion is opposed. Doc. 8. The matter was taken under submission without oral argument.

**II. Legal Standard**

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. Rule Civ. Proc. 12(c). Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion. Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). Judgment on the pleadings is appropriate when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law. Ventress v. Japan Airlines, 486 F.3d 1111, 1114 (9th Cir. 2007). A dismissal under may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011); Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008). The allegations of the nonmoving party must be accepted as true, while any allegations made by the moving party that have been denied or contradicted are assumed to be false. MacDonald v. Grace Church Seattle, 457 F.3d 1079, 1081 (9th Cir. 2006). The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party. Living Designs, Inc. v. E.I. DuPont de Nemours & Co., 431 F.3d 353, 360 (9th Cir. 2005). However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Dichter-Mad Family Partners. LLP v. United States, 709 F.3d 749, 761 (9th Cir. 2013). The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1145 n. 4 (9th Cir. 2012); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

**III. Discussion**

**A. Subject Matter Jurisdiction**

Under CAFA, "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $ 5,000,000, exclusive of interest and costs, and is a class action" in which there is minimal diversity. 28 U.S.C. § 1332(d)(2). That amount must be demonstrated by a "preponderance of the evidence." 28. U.S.C. § 1446(c)(2)(B). The court issued an order to show cause why the case should not be remanded to the state court for lack of subject matter jurisdiction. Doc. 13. Defendant responded and explained how the amount in controversy exceeded $5 million. Doc. 14. Specifically, Plaintiff alleges that Defendant violated Cal. Labor Code § 226 by failing to correctly state the legal name of Defendant on wage statements. Doc. 1, Complaint, 11-25-28. The penalty for such a violation is $50 for the first pay period and $100 for each subsequent pay period with a maximum aggregate of $4,000 for each employee. Cal. Labor Code § 226(e)(1). Defendant employed 1,277 employees in the relevant one year time frame. Paul Adams, Defendant's Vice President/Controller in charge of payroll, has stated that these employees were paid on a weekly basis with 52 pay periods in a year and that "all wage statements issued to all Leprino employees in California listed the same employer name." Doc. 14-1, Adams Declaration, 1:28-2:3. Given this evidence, the calculation can be based on the reasonable assumption that the maximum $4,000 penalty might apply to each of the 1,277 employees, which totals $5,108,000. Defendant has shown that more than $5 million is in controversy. This court has subject matter jurisdiction pursuant to CAFA.

**B. Meal Periods**

California law requires that employers give employees meal breaks after a certain number of hours on the job. "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived." Cal. Labor Code § 512(a). "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational

3

1  Safety and Health Standards Board, or the Division of Occupational Safety and Health, the
2  employer shall pay the employee one additional hour of pay at the employee's regular rate of
3  compensation for each workday that the meal or rest or recovery period is not provided." Cal. Labor
4  Code § 226.7(c).  Plaintiff alleges "Defendants…required the Plaintiff and Plaintiff class members
5  to work without taking statutory second meal periods….Defendants failed to provide Plaintiff and
6  the Class members with second meal periods as provided in Labor Code section 226.7 and 512 and
7  by failing to relieve employees of all duty, relinquish control over their activities and permit a
8  reasonable opportunity to take an uninterrupted 30-minute second meal break. Doc. 1, Complaint,
9  6:4-6 and 10:7-11.  Defendant asserts that "Plaintiff's claim for missed meal periods sets forth only
10 formulaic and conclusory statements that lack the specific factual content required." Doc. 6,
11 Defendant Brief, 5:4-5.  In opposition, Plaintiff refers to a document that sets out Defendant's meal
12 period policies. Doc. 8, Plaintiff Opposition, 9:3-16.  The document which sets out Defendant's
13 policies are neither subject to judicial notice nor incorporated by reference; it will not be considered
14 in determining whether Plaintiff has stated a claim at this time.

15 Plaintiff's Complaint contains no detail.  The case law requires some factual basis for the
16 claim. Bellinghausen v. Tractor Supply Co., 2013 U.S. Dist. LEXIS 131384, *10 (N.D. Cal. Sept.
17 13, 2013) ("While the requirements for a claim under Section 512 are straightforward—the
18 employer failed to provide the requisite meal period—a plaintiff cannot state such a claim without
19 any factual allegations supporting the claim"); Carrasco v. C.H. Robinson Worldwide, Inc., 2013
20 U.S. Dist. LEXIS 169515, *24 (E.D. Cal. Nov. 27, 2013) (Plaintiff's allegations are vague and
21 insufficient because it is unclear whether Defendants' failure to 'provide' Plaintiff with meal and
22 rest breaks was due to Defendants' failure to relieve Plaintiff of all duty for the designated period,
23 or if it was due to Plaintiff not taking meal and rest breaks that were otherwise available to her").
24 Plaintiff's claim is dismissed with leave to amend to clarify the facts surrounding his claim.
25

26 **C. Wage Statements**

27 California law requires specific information to be included in wage statements.  "Every
28 employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her

4

employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned…(5) net wages earned…(8) the name and address of the legal entity that is the employer…." Cal. Labor Code § 226(a). Plaintiff alleges he "was not provided accurate itemized employee wage statements in that, inter alia, the wage statements did not state the wages for meal breaks that were not provided and does not state the proper legal entity….Defendants have knowingly failed to comply with California Labor Code § 226 by failing to provide accurate itemized wage statements and failure to provide the name of the legal entity." Doc. 1, Complaint, 5:12-14 and 11:25-28. Plaintiff's allegations include two distinct violations: failure to list meal break wages and improper legal name.

**1. Name of Legal Entity**

Regarding the improper name, Plaintiff does not state what name was used in the wage statement or what Defendant's proper legal name is. A plaintiff fails to state a claim when he/she does not explain "why the name and address of the employer was incorrect on the wage statement." Jeske v. Maxim Healthcare Servs., 2012 U.S. Dist. LEXIS 2963, *41 (E.D. Cal. 2012). Plaintiff's Section 226 claim based on an incorrect employer name is dismissed with leave to amend.

**2. Premium for Missed Meal Periods**

This aspect of the claim is dependent on Plaintiff's meal period claim, discussed above. As Plaintiff has not adequately plead that he was denied meal periods in violation of California law, this claim must be dismissed. On the merits, Plaintiff appears to allege that the wage statements did not include the supplemental, one hour of additional pay that Section 226.7 imposes upon employers for making an employee miss a meal period. Defendant argues that theory fails as a matter of law because "the premiums owed under Section 226.7 are not wages within the meaning of the statute, and a failure to list such premiums on the wage statements cannot support a claim for violation of Labor Code Section 226." Doc. 6, Defendant Brief, 9:11-13. Plaintiff argues the opposite. Doc. 8, Plaintiff Opposition, 17:8-9. This issue must be addressed to help determine

whether leave to amend should be granted or if amendment would be futile.

Two California Supreme Court case have described how Section 226.7 premiums should be characterized in other contexts. One case dealt with determining what statute of limitation applied to Section 226.7. Murphy v. Kenneth Cole Productions, Inc., 40 Cal. 4th 1094 (Cal. 2007). Cal. Code Civ. Proc. § 340 prescribes a one year limitations period for "An action upon a statute for a penalty or forfeiture" while Cal. Code Civ. Proc. § 338 sets a three year period for "An action upon a liability created by statute, other than a penalty or forfeiture." The California Supreme Court did a thorough analysis and concluded Section 226.7 was subject to the longer limitations period as "the 'additional hour of pay' is a premium wage intended to compensate employees, not a penalty." Murphy v. Kenneth Cole Productions, Inc., 40 Cal. 4th 1094, 1114 (Cal. 2007). However, a subsequent opinion described Section 226.7 in terms that confused the characterization of the premiums. Kirby v. Immoos Fire Protection, Inc., 53 Cal. 4th 1244 (Cal. 2012). Cal. Labor Code § 218.5 allows for attorney's fees "In any action brought for the nonpayment of wages." The California Supreme Court ruled that a claim for Section 226.7 premiums is not subject to Section 218.5 because "Nonpayment of wages is not the gravamen of a section 226.7 violation. Instead, subdivision (a) of section 226.7 defines a legal violation solely by reference to an employer's obligation to provide meal and rest breaks. The 'additional hour of pay' provided for in subdivision (b) is the legal remedy for a violation of subdivision (a), but whether or not it has been paid is irrelevant to whether section 226.7 was violated. In other words, section 226.7 does not give employers a lawful choice between providing either meal and rest breaks or an additional hour of pay. An employer's failure to provide an additional hour of pay does not form part of a section 226.7 violation, and an employer's provision of an additional hour of pay does not excuse a section 226.7 violation. The failure to provide required meal and rest breaks is what triggers a violation of section 226.7. Accordingly, a section 226.7 claim is not an action brought for nonpayment of wages; it is an action brought for nonprovision of meal or rest breaks." Kirby v. Immoos Fire Protection, Inc., 53 Cal. 4th 1244, 1256-57 (Cal. 2012).

Given this confusing precedent, courts have not been able to come to consensus on how Section 226.7 premiums should be treated in relation to other California statutes that regulate

1  "wages." The federal courts have not been able to resolve whether the premium for missed meals is
2  considered a wage for purposes of Section 226. Several opinions find that failure to include
3  premiums in wage statements supports a Cal. Labor Code § 226 claim. See Abad v. General
4  Nutrition Centers, Inc., 2013 U.S. Dist. LEXIS 116057, *9-10 (C.D. Cal. 2013); Avilez v.
5  Pinkerton Government Services, 286 F.R.D. 450, 465 (C.D. Cal. 2012); Ricaldai v. US
6  Investigations Servs., LLC, 878 F. Supp. 2d 1038, 1047 (C.D. Cal. 2012). Several others find the
7  opposite. See Pena v. Taylor Farms Pac., Inc., 2014 U.S. Dist. LEXIS 56792, *27 (E.D. Cal. Apr.
8  23, 2014); Jones v. Spherion Staffing LLC, 2012 U.S. Dist. LEXIS 112396, *26 (C.D. Cal. Aug. 7,
9  2012); Nguyen v. Baxter Healthcare Corp., 2011 U.S. Dist. LEXIS 141135, *25 (C.D. Cal. Nov.
10 28, 2011). In one recent case, when faced with this legal question, the Northern District recognized
11 the conflict in federal precedent and declined to make a definitive determination, tentatively
12 allowing the claim to move forward in the absence of adequate briefing on the matter.
13 Bellinghausen v. Tractor Supply Co., 2014 U.S. Dist. LEXIS 13212, *28-29 (N.D. Cal. Feb. 3,
14 2014).

15  Curiously enough, few California state courts appear to have specifically examined and
16 ruled on this issue since Murphy was decided in 2007. Prior precedent found that the Section 226.7
17 premium was a penalty rather than a wage and therefore did not have to be included in a wage
18 statement. See Mills v. Superior Court, 135 Cal. App. 4th 1547, 1556 (Cal. App. 2d Dist. 2006),
19 petition for review granted and depublished by 42 Cal. Rptr. 3d 415, vacated and remanded by 59
20 Cal. Rptr. 3d 441 with direction to reconsider in light of Murphy. Defendant has provided some
21 legislative history on Section 226[1] and a California Superior Court opinion which found that
22 Section 226.7 premiums need not be included in wage statements. Doc. 9-5, Driscoll v. Granite
23 Rock Company, Santa Clara County Superior Court, Case No. 08-cv-103426, September 20, 2011
24 Order, 21:17-23:27. However, Driscoll's persuasive weight is extremely limited as the analysis
25 does not consider Murphy and the undisputed facts of the case indicates that the defendant did in

---

[1] The court takes judicial notice of the legislative history (Docs. 9-1, 9-2, 9-3, and 9-4) provided by Defendant. See Experian Info. Solutions, Inc. v. Lifelock, Inc., 633 F. Supp. 2d 1104, 1107 (C.D. Cal. 2009).

fact include Section 226.7 premiums in the wage statements.

There is no clear answer but upon reflection, this court concludes that Section 226.7 premiums should qualify as wages that are governed by the requirements of Section 226. Murphy directly examined the nature of the premium and termed it a "wage" rather than a "penalty." Kirby was concerned with characterizing the Section 226.7 claim itself rather than the recompense. The two cases could be interpreted to deal with distinctly different topics: Kirby speaks to understanding the substance of the Section 226.7 violation while Murphy governs the nature of the damages. Section 226.7 interacts with Section 226 to the extent that the characterization of the damages matter. The holding of Murphy is more directly relevant to the issue at hand. Thus, this court relies on Murphy in finding that Section 226.7 premiums constitute wages, and are therefore required to be included in wage statements under Section 226. Though Plaintiff has failed to make sufficient factual allegations to state a claim, this legal theory is viable and dismissal will be granted with leave to amend.

Putting aside Section 226.7 premiums, there are other ways in which a wage statement could be deficient with regards to meal periods. One case arising from the Southern District provides a variant fact pattern: "Here, Penske automatically deducted 30 minutes from employees' paychecks for every shift exceeding six hours. As set forth above, the court finds that Dilts missed his 30-minute break once a month between January 17, 2004 and July 2005, and once a week between July 2006 through February 2008. Similarly, Rios missed his 30-minute break once per week from January 17, 2004 through July 2008. Thus, for those pay periods where Dilts and Rios did not take their 30-minute breaks, their wage statements inaccurately reported the gross wages earned and total hours worked, in violation of Cal. Labor Code § 226(a)." Dilts v. Penske Logistics, LLC, 2014 U.S. Dist. LEXIS 30794, *25 (S.D. Cal. Feb. 19, 2014). The Northern District similarly recognizes a cause of action for this situation. Cornn v. UPS, Inc., 2006 U.S. Dist. LEXIS 9013, *5 (N.D. Cal. Feb. 22, 2006) ("UPS's payroll system by default ignored the lunch periods recorded by drivers and automatically subtracted a standard lunch period….if UPS failed to report the actual number of hours worked on Plaintiffs' wage statements, then the company violated section 226"); cf. Fields v. West Marine Prods., 2014 U.S. Dist. LEXIS 16638, *26 (N.D. Cal. Feb. 7, 2014) (unclear statement

1  regarding the basis of the claim: "Because West Marine allegedly failed to provide accurate pay-
2  stub information as to the employees' rest-periods and meal-periods in violation of Section 226(a),
3  plaintiffs have satisfied the requirements of Rule 8"). Depending on the facts in this case, Plaintiff
4  may also state a Section 226 claim based on misreported hours.

**3. Section 226.3**

There are various penalties for violations of Section 226(a). "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." Cal. Labor Code § 226(e)(1). "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law. In enforcing this section, the Labor Commissioner shall take into consideration whether the violation was inadvertent, and in his or her discretion, may decide not to penalize an employer for a first violation when that violation was due to a clerical error or inadvertent mistake." Cal. Labor Code § 226.3. Plaintiff seeks compensation under both Section 226(e) and Section 226.3. Doc. 1, Complaint, 12:1-13.

The first problem is that Plaintiff does not allege facts that give rise to Section 226.3 penalties. The requirements of Section 226.3 are somewhat different than that of Section 226(a). See York v. Starbucks Corp., 2012 U.S. Dist. LEXIS 190239, *24 (C.D. Cal. Nov. 1, 2012) ("Plaintiff alleges only that relevant information was missing from her wage statements, not that Defendants failed entirely to furnish wage statements").

Defendant argues that a Section 226.3 does not provide for a private cause of action while

Plaintiff argues the opposite.  The plain language of Section 226.3 strongly suggests that the provision is to be enforced solely by the Labor Commissioner.  First, he/she has discretion to waive penalties: "In enforcing this section, the Labor Commissioner shall take into consideration whether the violation was inadvertent, and in his or her discretion, may decide not to penalize an employer for a first violation when that violation was due to a clerical error or inadvertent mistake."  Second, the penalty amounts are dependent upon which "citation" is involved.  The "citations" of Section 226.3 are explained by the subsequent sections of code.  "If, upon inspection or investigation, the Labor Commissioner determines that an employer is in violation of subdivision (a) of Section 226, the Labor Commissioner may issue a citation to the person in violation. The citation may be served personally or by registered mail in accordance with subdivision (c) of Section 11505 of the Government Code. Each citation shall be in writing and shall describe the nature of the violation, including reference to the statutory provision alleged to have been violated." Cal. Labor Code § 226.4.  "If a person desires to contest a citation or the proposed assessment of a civil penalty therefor, he or she shall within 15 business days after service of the citation notify the office of the Labor Commissioner which appears on the citation of his or her request for an informal hearing. The Labor Commissioner or his or her deputy or agent shall, within 30 days, hold a hearing at the conclusion of which the citation or proposed assessment of a civil penalty shall be affirmed, modified, or dismissed. The decision of the Labor Commissioner shall consist of a notice of findings, findings, and order..." Cal. Labor Code § 226.5(a).  Given this framework, it is clear that the language of Section 226.3 does not provide for a private cause of action.

A related issue is whether Section 226.3 may be enforced through PAGA.  Defendant argues it may not, citing to a Northern District case which states, "Section 226.3 is not one of the Labor Code sections PAGA encompasses. See Cal. Lab. Code § 2699.5. Therefore, to the extent plaintiff's seventh cause of action is premised upon section 226.3, the motion to dismiss is GRANTED, without leave to amend." Garibaldi v. Bank of Am. Corp., 2014 U.S. Dist. LEXIS 5930, *22 (N.D. Cal. Jan. 15, 2014).  Plaintiff argues the opposite.  The case law supports Plaintiff's interpretation.  Garibaldi notes that Section 226.3 is not listed in Section 2699.5.  The significance of Section 2699.5 is that it specifies which administrative exhaustion procedures must be complied with before

a PAGA claim can be brought. If an employer violates a Labor Code Section listed in Section 2699.5, then a plaintiff must satisfy the relatively streamlined procedures of Cal. Labor Code § 2699.3(a); if an employer violates a Labor Code Section not listed, then a plaintiff must go through the substantially different administrative procedures set out in Cal. Labor Code § 2699.3(b) or (c). The Southern District recognized a PAGA claim for violation of Section 226.3 based on the procedures in Cal. Labor Code § 26993(c). Singer v. Becton, Dickinson & Co., Med-Safe Sys., 2008 U.S. Dist. LEXIS 56326, *18 (S.D. Cal. July 23, 2008). Several Northern District opinions similarly found a PAGA claim based on violations of Section 226.3. See Pedroza v. PetSmart, Inc., 2012 U.S. Dist. LEXIS 189530, *20-23 (C.D. Cal. June 14, 2012); Yadira v. Fernandez, 2011 U.S. Dist. LEXIS 62894, *7-9 (N.D. Cal. June 14, 2011); cf. Helm v. Alderwoods Group, Inc., 696 F. Supp. 2d 1057, 1077 (N.D. Cal. 2009) ("Plaintiffs cite no authority establishing that this civil penalty was recoverable directly by employees before the enactment of PAGA. Plaintiffs are therefore required to allege compliance with PAGA's administrative procedures for recovery of civil penalties under § 226.3"). The weight of authority counsels that violations of Section 226.3 may be the basis of a PAGA claim.

**D. Waiting Time**

California law requires wages to be paid in a timely manner at an employee's separation. "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Labor Code § 201(a). "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter..." Cal. Labor Code § 202(a). "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date..." Cal. Labor Code § 203(a). Plaintiff alleges "Defendants, however, willfully failed to pay such Class members all wages owed them [sic] premium pay for failing to provide statutory second meal periods...and failed to pay Plaintiffs within the time limits set forth in California Labor Code Section 201 and 202. Doc. 1, Complaint,

11

13: 7-12.

Again, this claim fails as Plaintiff has not adequately plead a missed meal break cause of action. See Jeske v. Maxim Healthcare Servs., 2012 U.S. Dist. LEXIS 2963, *16-19 (E.D. Cal. Jan. 10, 2012). On the merits, the parties dispute whether failure to pay premium wages in a timely manner can be the basis of a waiting time claim. This is the same legal question as discussed above with Section 226 wage statement requirements: whether the Section 226.7 premiums are considered wages subject to general California Labor Code provisions regulating the processing and payment of wages. Again, several federal courts recognize the claim with respect to Sections 201-203. See Wert v. United States Bancorp, 2014 U.S. Dist. LEXIS 175735, *12 n.4 (S.D. Cal. Dec. 18, 2014); Brewer v. General Nutrition Corp., 2014 U.S. Dist. LEXIS 159380, *39 n.9 (N.D. Cal. Nov. 12, 2014); Pena v. Taylor Farms Pac., Inc., 2014 U.S. Dist. LEXIS 56792, *27 (E.D. Cal. Apr. 23, 2014); Guifi Li v. A Perfect Day Franchise, Inc., 2012 U.S. Dist. LEXIS 83677, *26 (N.D. Cal. June 15, 2012). Other courts found that no claim is cognizable. See Singletary v. Teavana Corp., 2014 U.S. Dist. LEXIS 62073, *10-14 (N.D. Cal. May 2, 2014); Jones v. Spherion Staffing LLC, 2012 U.S. Dist. LEXIS 112396, *26 (C.D. Cal. Aug. 7, 2012). As with wage statements, Murphy v. Kenneth Cole Productions, Inc., 40 Cal. 4th 1094 (Cal. 2007) is the most relevant precedent from the California Supreme Court. This court concludes that Section 226.7 premiums are wages within the meaning of Sections 201 and 202. Though Plaintiff has failed to make sufficient factual allegations to state a claim for penalties under Section 203, this legal theory is viable and dismissal will be granted with leave to amend.

**E. Unfair Competition and PAGA**

These claims are completely dependent on the substantive California Labor Code claims. As Plaintiff has not adequately plead meal period, wage statement, and waiting time violations, these claims claim also fail. See Lewis v. Wendy's Int'l, Inc., 2009 U.S. Dist. LEXIS 132013, *28-29 (C.D. Cal. 2009). These claims are dismissed with leave to amend.

**F. Further Proceedings**

As illustrated by the above analysis, the law surrounding whether meal premiums (Section 226.7) are subject to the wage statement (Section 226) and waiting time (Sections 201-203) regulations is not clear.  The district courts of California have come to conflicting conclusions.  As these cases generally appear to arise in the context of proposed class actions that regularly result in settlement, these issues seem to have evaded Ninth Circuit review.  Though this court has recognized these causes of action, the Ninth Circuit should be given the chance to impose uniformity upon the fractious lower court precedent.  If Plaintiff is able to plead sufficient facts to state these causes of action in the future, Defendant may wish to seek interlocutory appeal.  Based on the current state of conflicting opinions, this court would be inclined to grant that request.

**IV. Order**

Defendant's motion to dismiss is GRANTED.  All claims are DISMISSED without prejudice.  Plaintiff must file an amended complaint within thirty (30) days if he wishes to continue with this suit.

IT IS SO ORDERED.

Dated:   March 12, 2015                            _____
                                                                   SENIOR  DISTRICT  JUDGE