UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JERROD FINDER, on behalf of himself and a class of others similarly situated,**<br><br>**Plaintiff**<br><br>v.<br><br>**LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1 through 50, inclusive,**<br><br>**Defendants** | CASE NO. 1:13-CV-2059 AWI-BAM<br><br>ORDER RE: MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM |

**I. Background**

Jerrod Finder ("Plaintiff") is a former employee of Leprino Foods Company or Leprino Foods Dairy Products Company ("Defendants"). He alleges that he was not provided meal breaks as required by California law. Plaintiff originally filed suit in state court. Defendants removed the case to federal court, asserting subject matter jurisdiction under the Class Action Fairness Act ("CAFA"). Defendants filed a motion on the pleadings. Doc. 6. Plaintiff's claims were dismissed without prejudice and with leave to amend. Doc. 20. Plaintiff's operative complaint is the first amended complaint and contains five causes of action: (1) failure to provide meal periods in violation of California Labor Code §§ 512 and 226.7, (2) failure to provide accurate wage statements in violation of California Labor Code §§ 226 and 226.6, (3) failure to promptly pay wages due in violation of California Labor Code §§ 201 and 202, (4) violation of California Business & Professions Code § 17200, and (5) enforcement of California Labor Code provisions

under the Private Attorney Generals Act ("PAGA"). Doc. 24.  Defendants have filed a motion to dismiss. Doc. 25.  Plaintiff opposes the motion. Doc. 28.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011); Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013).  However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1145 n. 4 (9th Cir. 2012); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).  The Ninth Circuit has distilled the following principles from Iqbal and Twombly: (1) to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively; (2) the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and

2

continued litigation. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). In assessing a motion to dismiss, courts may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice. Dichter-Mad Family Partners. LLP v. United States, 709 F.3d 749, 761 (9th Cir. 2013). If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made." Henry A. v. Willden, 678 F.3d 991, 1005 (9th Cir. 2012). However, leave to amend need not be granted if amendment would be futile or if the plaintiff has failed to cure deficiencies despite repeated opportunities. Mueller v. Aulker, 700 F.3d 1180, 1191 (9th Cir. 2012); Telesaurus VPC. LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

### III. Discussion

**A. Meal Periods**

Plaintiff's first cause of action alleges he was not provided a second meal period when he worked long shifts. California law requires that employers give employees meal breaks after a certain number of hours on the job. "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived." Cal. Labor Code § 512(a). "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Labor Code § 226.7(c).

Plaintiffs are required to provide factual bases for their claims. Bellinghausen v. Tractor Supply Co., 2013 U.S. Dist. LEXIS 131384, *10 (N.D. Cal. Sept. 13, 2013) ("While the requirements for a claim under Section 512 are straightforward—the employer failed to provide the

3

requisite meal period—a plaintiff cannot state such a claim without any factual allegations supporting the claim"); Carrasco v. C.H. Robinson Worldwide, Inc., 2013 U.S. Dist. LEXIS 169515, *24 (E.D. Cal. Nov. 27, 2013) (Plaintiff's allegations are vague and insufficient because it is unclear whether Defendants' failure to 'provide' Plaintiff with meal and rest breaks was due to Defendants' failure to relieve Plaintiff of all duty for the designated period, or if it was due to Plaintiff not taking meal and rest breaks that were otherwise available to her"). Plaintiff's original complaint was dismissed for failure to provide sufficient detail to state a claim. Doc. 20, 3:20-4:24. In this amended complaint, Plaintiff continues to provide no solid facts; he does not state what his former job was or describe how his work time was scheduled. Plaintiff's claim is still largely composed of legal standards which are insufficient to state a claim. Only one key factual detail can be gleaned: "Plaintiff was not provided a second meal period of not less than thirty minutes when he worked more than ten hours per day. Defendants' failure to provide Plaintiff with a second meal period was due to Defendants' failure [to] make a second meal period available to Plaintiff, ***to schedule a second meal break for Plaintiff*** and to relieve Plaintiff of all duty for the designated period." Doc. 24, 5:4-10, emphasis added. This nugget of fact appears to be just enough to explain the nature of the violation and to state a claim. See Fenglin Zhang v. Aicem Group, LLC, 2014 U.S. Dist. LEXIS 30059, *18-19 (N.D. Cal. Jan. 28, 2014) ("In the complaint, Plaintiff alleges that he 'work[ed] for periods of more than five hours[,]' that meal periods 'were not scheduled[,]' and that Defendants 'routinely required [him] to work without thirty minute, uninterrupted meal periods' without compensating him for those missed meal periods" sufficient to state a claim). Defendants object that "This conclusory statement does not provide the factual detail required to support a claim. Plaintiff has not alleged, for example, that he was unable to schedule his own meal breaks. Nor has Plaintiff alleged any facts regarding the context and applicability of the alleged policy to which he refers. Plaintiff does not allege what the policy he refers to provides, whether the policy he refers to was Defendants' only policy regarding meal periods, or whether it applied when employees worked shifts of ten hours or more." Doc. 25, 5:21-26. Defendants' arguments regarding lack of allegations regarding employment policies go towards issues of class certification. At this stage, it can be reasonably inferred from the quoted text that Defendants set Plaintiff's work

4

schedule, Plaintiff was obligated to work the entire time he was scheduled, and the schedule did not provide for a second meal break when he worked longer than ten hours. Plaintiff may proceed with a meal period claim on this theory. If this misconstrues Plaintiff's assertions or if he wishes to proceed on any other theory for meal periods, he is granted leave to amend a final time to clarify his claim. Plaintiff is warned that he must provide factual detail, not legal standards, to state a claim; he faces potential dismissal with prejudice if he fails to meet Rule 8 standards.

**B. Wage Statements**

Plaintiff's second cause of action alleges that Defendants did not provide accurate information on wage statements. California law requires specific information to be included: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee...(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employee...and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee..." Cal. Labor Code § 226(a). Plaintiff alleges the wage statements did not reflect that employees "had earned an additional hour of pay for meal periods not provided and fail[ed] to provide the name of the legal entity." Doc. 24, 12:20-22. Defendants argue that Plaintiff "First, as with his meal period claim, this claim lacks sufficient facts to state a cause of action. He does not allege any facts demonstrating that Leprino 'knowingly and intentionally' failed to provide required information on his wage statements. Second, Plaintiff fails to allege any injury from his receipt of supposedly inaccurate wage statements. Third, as a matter of law, missed meal periods cannot

5

support a claim for failure to provide accurate wage statements." Doc. 25, 7:15-20.

**1. Missed Meal Periods and Wage Statements**

Defendant argues that the amount an employer is required to pay an employee under Section 226.7 for missed meal periods need not be reflected on wage statements under Section 226. Doc. 29, 6:18-10:7. This is an issue that was ruled upon in the prior order regarding granting the earlier motion on the pleadings; as stated before, the federal district courts are split but this court finds the stronger argument to be that the premium wages/penalties must be documented on the wage statements. Doc. 20. In this motion, Defendants have provided neither new case law nor argument persuasive enough for grant of reconsideration.

**2. Factual Detail**

Defendant alleges there are insufficient facts to explain what inaccurate or incomplete information was provided. Regarding the improper name, Plaintiff states "the wage statements simply state 'Leprino Foods.' The proper legal name should be 'Leprino Foods Company' or 'Leprino Foods Dairy Products Company' resulting in Plaintiff not being able to promptly and easily determine from the wage statement the proper legal entity." Doc. 24, 5:20-24. Plaintiff explains that "it is undisputed there are two separate entities (Leprino Foods company and Leprino Foods Dairy Products Company) which have failed to set forth the legal entity that is the employer." Doc. 28, 17:5-8. The Ninth Circuit has explained that slightly truncating an employer's name does not violate Section 226(a). <u>Elliot v. Spherion Pac. Work, LLC</u>, 368 Fed. Appx. 761, 764 (9th Cir. 2010). The circumstances of this case are different as the modification of the employer's name here leads to potential confusion about the identity of the employer. This factual detail is sufficient to state a claim.

Defendants also argue that "a plaintiff must allege a 'knowing and intentional' failure to provide the information required under Section 226(a), simply making the conclusory allegation that Leprino knowingly failed to comply, as Plaintiff does here, is insufficient to support the claim." Doc. 25, 8:4-6. Defendants point to a Northern District opinion that found "Plaintiffs have not

support a claim for failure to provide accurate wage statements." Doc. 25, 7:15-20.

**1. Missed Meal Periods and Wage Statements**

Defendant argues that the amount an employer is required to pay an employee under Section 226.7 for missed meal periods need not be reflected on wage statements under Section 226. Doc. 29, 6:18-10:7. This is an issue that was ruled upon in the prior order regarding granting the earlier motion on the pleadings; as stated before, the federal district courts are split but this court finds the stronger argument to be that the premium wages/penalties must be documented on the wage statements. Doc. 20. In this motion, Defendants have provided neither new case law nor argument persuasive enough for grant of reconsideration.

**2. Factual Detail**

Defendant alleges there are insufficient facts to explain what inaccurate or incomplete information was provided. Regarding the improper name, Plaintiff states "the wage statements simply state 'Leprino Foods.' The proper legal name should be 'Leprino Foods Company' or 'Leprino Foods Dairy Products Company' resulting in Plaintiff not being able to promptly and easily determine from the wage statement the proper legal entity." Doc. 24, 5:20-24. Plaintiff explains that "it is undisputed there are two separate entities (Leprino Foods company and Leprino Foods Dairy Products Company) which have failed to set forth the legal entity that is the employer." Doc. 28, 17:5-8. The Ninth Circuit has explained that slightly truncating an employer's name does not violate Section 226(a). <u>Elliot v. Spherion Pac. Work, LLC</u>, 368 Fed. Appx. 761, 764 (9th Cir. 2010). The circumstances of this case are different as the modification of the employer's name here leads to potential confusion about the identity of the employer. This factual detail is sufficient to state a claim.

Defendants also argue that "a plaintiff must allege a 'knowing and intentional' failure to provide the information required under Section 226(a), simply making the conclusory allegation that Leprino knowingly failed to comply, as Plaintiff does here, is insufficient to support the claim." Doc. 25, 8:4-6. Defendants point to a Northern District opinion that found "Plaintiffs have not

alleged that Wal-Mart knowingly and intentionally failed to comply with § 226.  Although the TAC generally alleges that 'violations of the law were committed knowingly and wilfully' earlier in the TAC, plaintiffs fail to support this conclusory allegation with factual support." Brown v. Wal-Mart Stores, Inc., 2013 U.S. Dist. LEXIS 55930, *23-24 (N.D. Cal. Apr. 18, 2013).  Federal Rule of Civil Procedure 9(b) states "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Plaintiff has sufficiently alleged knowledge of incorrect wage statements generally.

**3. Injury**

Defendants argue that Plaintiff has failed to allege an injury as "Plaintiff's allegation that the wage statement is incorrect due to the failure to list amounts not actually paid but allegedly owed is insufficient." Doc. 25, 8:20-21.  Section 226 defines injury as follows:

> (B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:
>
> (i)The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)....
>
> (iii) The name and address of the employer....
>
> (C) For purposes of this paragraph, 'promptly and easily determine' means a reasonable person would be able to readily ascertain the information without reference to other documents or information.

Cal. Labor Code § 226(e)(2).  Plaintiff has alleged that the employer name was misleading and that Defendants did not show the extra hour of pay for meal periods not provided.  The wage statements must accurately reflect "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate." Cal. Labor Code § 226(a)(9).  An employee is deemed to suffer an injury if the wage statement does not accurately provide that information and the employee can not readily determine the truth of the matter.  Employee confusion over the correctness of his/her pay is sufficient to constitute an injury. See Achal v. Gate Gourmet, Inc., 2015 U.S. Dist. LEXIS 92148, *59-60 (N.D. Cal. July 14, 2015) ("injuries under

7

1  section 226(a) may be shown through the possibility of not being paid overtime, employee
2  confusion over whether they received all wages owed them, difficulty and expense involved in
3  reconstructing pay records, and forcing employees to make mathematical computations to analyze
4  whether the wages paid in fact compensated them for all the hours they worked"); Johnson v.
5  Serenity Transp., Inc., 2015 U.S. Dist. LEXIS 148384, *69-70 (N.D. Cal. Nov. 2, 2015) ("Plaintiffs
6  allege that their wage statements did not show the actual and total number of hours worked and that,
7  as a result, they have been precluded from accurately monitoring the number of hours worked,
8  determining whether they have been lawfully compensated for all hours worked, and seeking any
9  owed overtime"); Yuckming Chiu v. Citrix Sys., 2011 U.S. Dist. LEXIS 151365, *15 (C.D. Cal.
10 Nov. 23, 2011) ("failure to provide information that results in an employee's confusion over
11 whether he has received all wages owed and forces an employee to make mathematical
12 computations to analyze whether the wages paid in fact compensated him are sufficient injuries").

**4. Section 226.6**

Plaintiff also cites to Section 226.6 which states "Any employer who knowingly and intentionally violates the provisions of Section 226, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays, the wages due any employee, and who knowingly and intentionally participates or aids in the violation of any provision of Section 226 is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court. That fine or imprisonment, or both, shall be in addition to any other penalty provided by law." Cal. Labor Code § 226.6. This is clearly a criminal statute and Plaintiff does not have standing to enforce this provision. See Cal. Dairies, Inc. v. RSUI Indem. Co., 617 F. Supp. 2d 1023, 1046 n.10 (E.D. Cal. 2009). Plaintiff's Section 226.6 claim is dismissed with prejudice.

**C. Waiting Time**

Plaintiff's third cause of action alleges that Defendants did not pay him his meal period premium wages/penalties in a timely manner when he left Defendants' employ. California law

requires wages to be paid promptly at an employee's separation. "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Labor Code § 201(a). "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter..." Cal. Labor Code § 202(a). "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date..." Cal. Labor Code § 203(a). Defendants assert that "As a matter of law, however, the meal period premiums owed under Section 226.7 are not wages within the meaning of the statute, which is concerned only with the compensation due to the employee for his labor." Doc. 25, 13:19-22. As with meal periods and wage statements discussed above, this is an issue that was ruled upon in the prior order regarding granting the earlier motion on the pleadings; the federal district courts are split but this court finds the stronger argument to be that the premium wages/penalties must be paid within the framework of Sections 201 and 202. Doc. 20. In this motion, Defendants have provided neither new case law nor argument persuasive enough for grant of reconsideration.

**D. Unfair Competition and PAGA**

Plaintiff's fourth and fifth claims are completely dependent on the substantive California Labor Code claims. As Plaintiff has plead meal period, wage statement, and waiting time violations, he has stated claims for these causes of action as well.

Defendants point out that Plaintiff's PAGA claim cites to Cal. Labor Code § 226.3 which states "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226..." While Section 226(a) requires that employers provide an accurate wage statement, Section 226.3 only mandates a penalty for failure to provide

9

any wage deduction statement or failure to keep records. See <u>York v. Starbucks Corp.</u>, 2012 U.S. Dist. LEXIS 190239, *24 (C.D. Cal. Nov. 1, 2012) ("Plaintiff alleges only that relevant information was missing from her wage statements, not that Defendants failed entirely to furnish wage statements"). Plaintiff has only alleged that Defendants provided inaccurate wage statements. This deficiency was raised in the prior order and Plaintiff was granted leave to amend. Doc. 20, 9:23-27. As Plaintiff has failed to allege facts that can state a claim, the portion of Plaintiff's PAGA claim based on Section 226.3 is now dismissed with prejudice.

### IV. Order

Defendants' motion to dismiss is GRANTED in part and DENIED in part. The part of Plaintiff's wage statement claim based on Cal. Labor Code § 226.6 is DISMISSED WITH PREJUDICE. The part of Plaintiff's PAGA claim based on Cal. Labor Code § 226.3 is DISMISSED WITH PREJUDICE.

Plaintiff may, but is not required to, file a second amended complaint by January 26, 2016. If Plaintiff does not file a second amended complaint, Defendants' answer is due by February 16, 2016.

IT IS SO ORDERED.

Dated: __January 8, 2016__             _____
                                           SENIOR DISTRICT JUDGE