**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JERROD FINDER, on behalf of himself and a class of others similarly situated**<br><br>**Plaintiff**<br><br>**v.**<br><br>**LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1 through 50, inclusive,**<br><br>**Defendants** | **CASE NO. 1:13-CV-02059 AWI BAM**<br><br>**ORDER GRANTING CERTIFICATION FOR INTERLOCUTORY APPEAL, DENYING DISMISSAL OF CLAIMS, AND DENYING STAY OF PROCEEDINGS** |

Defendants Leprino Foods Company and Leprino Foods Dairy Products Company made a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for interlocutory appellate certification pursuant to 28 U.S.C. § 1292(b) and to stay proceedings pending disposition of appeal. Doc. 38. Plaintiff Jerrod Finder filed an opposition. Doc. 41.

## I. Background

Jerrod Finder ("Plaintiff") is a former employee of Leprino Foods Company ("Defendants"). Plaintiff alleges that during his employment Defendants did not provide him and other employees meal breaks as required by California law. Plaintiff filed a class action suit in state court and Defendants removed the claims to this Court based on the Class Action Fairness Act, codified at 28 U.S.C. § 1332(d). Doc. 1.

Defendants filed for a motion for judgement on the pleadings. Doc. 6. Plaintiff opposed the

motion for judgement. Doc. 8. The Court granted Defendants' motion to dismiss and dismissed all claims without prejudice. Doc. 20. Plaintiff filed the first amended complaint. Doc. 24. Defendants filed a motion to dismiss. Doc. 25. The Court granted the motion to dismiss in part and denied in part. Doc. 35. Plaintiff filed a second amended complaint with five causes of action: (1) failure to provide meal periods in violation of California Labor Code §§ 512 and 226.7, (2) failure to provide accurate wage statements in violation of California Labor Code § 226, (3) failure to promptly pay wages due in violation of California Labor Code §§ 201 and 202, (4) violation of California Business & Professions Code § 17200, and (5) enforcement of California Labor Code provisions under the Private Attorney Generals Act ("PAGA"). Doc. 37.

Defendants moved for a 12(b)(6) motion to dismiss as a procedural prerequisite to Defendants' motion seeking certification for interlocutory appeal under 28 U.S.C. § 1292(b) and a stay of proceedings in this Court pending the Ninth Circuit's resolution of the § 1292(b) appeal. Doc. 38. Defendants moved to dismiss Plaintiff's third cause of action in its entirety and Plaintiff's second, fourth, and fifth causes of action to the extent that they raise claims asserting that failure to itemize or pay meal period premiums constitutes failure to itemize or pay wages. *Id.*

## II. Legal Standard

The general rule is that an appellate court should not review a district court ruling until after entry of a final judgment. *In re Cement Antitrust Litig.,* 673 F.2d 1020, 1022-23 (9th Cir. 1982). However, § 1292(b) provides an exception for litigants to bring an immediate appeal of a non-dispositive order with the consent of both the district court and the court of appeals. 28 U.S.C. § 1292(b); *id.* at 1225-26. The party seeking certification has the burden of showing that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). The district court has the discretion to certify an order for interlocutory appellate review under § 1292(b) if all of the following three requirements are met: (1) there is a controlling question of law, (2) there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litig.*, 673

F.2d at 1026.

**III.    Discussion**

A.  Motion to Dismiss

Defendants filed a Rule 12(b)(6) motion to dismiss as a procedural prerequisite for the motion seeking to certify an interlocutory appeal. Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011).

Defendants have moved to dismiss Plaintiff's third cause of action in its entirety and Plaintiff's second, fourth, and fifth causes of action to the extent they raise claims asserting that failure to itemize or pay "meal period premiums" constitutes failure to itemize or pay "wages." Doc. 38. Although courts have split on whether meal period premiums constitute wages or penalties, this Court did previously rule that they are wages in the context of Plaintiff's claims. Doc. 20.

(1) Plaintiff's first cause of action is failure to provide meal periods in violation of California Labor Code §§ 512 and 226.7. Doc. 37. Under § 512, employers are required to provide meal periods after five and ten hours of work. Cal. Lab. Code § 512. Under § 226.7, if employers fail to provide the aforementioned meal periods, they must instead provide "one additional hour of pay at the employee's regular rate of compensation for each work day" with a missed meal period. *Id.* at § 226.7. Although Defendants are not moving to dismiss this claim, it is still relevant to the extent Plaintiff's fourth and fifth claims are derivative of this cause of action.

(2) Plaintiff's second cause of action is failure to provide accurate wage statements in violation of California Labor Code § 226. Doc. 37. Under § 226, employers are required to maintain accurate records of each employee's hours of work and meal breaks. Cal. Lab. Code § 226. Defendants allege missed meal period allegations cannot support a claim for inaccurate wage statements as a matter of law. Doc. 38. However, this Court found the opposite in "conclud[ing]

that [meal] premiums should qualify as wages that are governed by the requirements of Section 226." Doc. 20 at 8. Plaintiff also alleges Defendants failed to provide the name of the legal entity as required by § 226(a)(8). Regardless of the meal premium itemization allegation, the failure to provide the name of the legal entity aspect of this claim would survive.

(3) Plaintiff's third cause of action is failure to promptly pay wages due in violation of California Labor Code §§ 201 and 202. Doc. 37. Under §§ 201 and 202, employers must pay separating employees all wages promptly at the end of their employment. Cal. Lab. Code §§ 201 and 202. Defendants allege missed meal period premiums are not wages and seek to dismiss the claim in its entirety. Doc. 38. However, this Court found the opposite in "conclud[ing] that [meal] premiums are wages within the meaning of Section 201 and 202." Doc. 20 at 12.

(4) Plaintiff's fourth cause of action is violation of California Business & Professions Code § 17200. Doc. 37. Under § 17200, "California's unfair competition law prohibits unlawful business practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made; the UCL thus creates an independent action when a business practice violates some other law." *Flores v. EMC Mortg. Co.*, 997 F.Supp.2d 1088, 1118 (E.D. Cal. 2014). Here, violations of the California Labor Code are "unlawful business practices" and trigger a cause of action under § 17200. The specific violations of the California Labor Code include: failure to provide employees meal breaks in violation of §§ 512 and 226.7 (claim 1); failure to provide employees with an accurate itemized written statement as required by § 226 (claim 2) and; failure to pay employees all wages upon separation as required by §§ 201 and 202 (claim 3). Defendants allege this claim fails because it is derivative of Plaintiff's second and third cause of action which Defendants allege are not cognizable claims. Doc. 38. However, as discussed above, Plaintiff's other claims are cognizable, Doc. 20, therefore, those claims can be used as the basis of this cause of action. Furthermore, regardless of the characterization of the meal periods, this claim still survives as it is also contingent on Plaintiff's first uncontested claim.

(5) Plaintiff's fifth cause of action is for penalties under the PAGA. Doc. 37. Similar to the fourth claim, under PAGA, the first, second, and third claims are borrowed to trigger additional violations for civil penalties. Cal. Lab. Code § 2699. Defendants allege this claim fails because it

4

is also derivative of Plaintiff's other claims. Doc. 38. However, as explained above, this Court found that all of the claims are cognizable. Doc. 20. Similar to claim 4, aspects of this claim would still survive, regardless of the characterization of meal premiums, because it borrows from the uncontested violations in the first claim.

In conclusion, the Court denies Defendants' motion to dismiss on all claims because this Court previously found these claims cognizable. Doc. 20.

B. Interlocutory Appeal

The factors considered are whether (1) there is a controlling question of law, (2) there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litig.*, 673 F.2d at 1026.

i. Whether There Exists a Controlling Question of Law

A question of law is controlling if the resolution of the issue on appeal could "materially affect the outcome of litigation in the district court." *In re Cement*, 673 F.2d at 1026. However, "the Ninth Circuit has not limited 1292(b) motions to actions where the question is dispositive of the entire action: 'we do not hold that a question brought here on interlocutory appeal must be dispositive of the [entire] lawsuit in order to be regarded as controlling.'" *Ass'n of Irritated Residents v. Schakel Dairy*, 634 F.Supp.2d 1081, 1093 (E.D. Cal. 2008), quoting, *U.S. v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959).

The contended legal question in the abstract is whether meal period premiums are considered wages or penalties. Therefore, the issue is whether characterizing meal premiums as wages or penalties materially affects the outcome of litigation in the district court. On one hand, if the meal premium is considered a wage, Plaintiff could advance all claims regarding the delayed payment and non-itemization of wages. On the other hand, if the meal premium is considered a penalty, it is simply the remedy for the missed meal premiums and would not serve as a course of action for four of the claims. Defendants' success on appeal would not only materially affect, but likely terminate, the relevant aspects of the second, third, fourth, and fifth claims as they are contingent on whether meal premiums are wages or penalties. This includes four fifths of the initial claims, the analysis for which is aforementioned in the directly previous section.

In conclusion, aspects of four of the claims are contingent on the unsettled characterization of meal period premiums. Therefore, an immediate appeal that would resolve this characterization would materially affect the outcome of the second, third, fourth, and fifth causes of actions.

### ii. Whether There Exists a Substantial Ground for Difference of Opinion

There must be substantial ground for difference of opinion on the issue. Disagreement with the Court's ruling does not create a "substantial ground for difference"; the proponent of an appeal must make some greater showing. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010); *Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 667 (E.D. Cal. 1986). That settled law might be applied differently does not establish a substantial ground for difference of opinion. *Couch*, 611 F.3d at 633.

The issue is whether there exists a substantial ground for difference of opinion on characterizing meal period premiums as wages or penalties. Here, there is not merely a disagreement with the Court's decision. Rather, the split in the courts means that characterizing meal premiums either way has significant precedent in support and opposition. Two California Supreme Court cases have described how courts should characterize meal period premiums in other contexts. On one hand, the court in *Murphy* found that the monetary remedy created by § 226.7 is a wage at least for statute of limitations purposes. *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal.4th 1094, 1114 (Cal. 2007) ("'additional hour of pay' is a premium wage intended to compensate employees, not a penalty"). On the other hand, in *Kirby* the court found that the wrong giving rise to that remedy is not a failure to pay premium wages but is rather the skipped meal period with the premium wage the redress. *Kirby v. Immoos Fire Protection, Inc.*, 53 Cal.4th 1244, 1256-57 (Cal. 2012) ("'additional hour of pay' . . . is the legal remedy for a violation"). On balance, courts could interpret these two binding precedents to reach either conclusion. The court in *Singletary* highlighted this inconsistency by stating "the case law on this question is murky at best." *Singletary v. Teavana Corp.*, 2014 U.S. Dist. LEXIS 62073, at *11 (N.D. Cal. 2014). California district courts have also split on the proper characterization of meal period payments. In *Nguyen*, the court found meal premiums are considered liquidated damages and not wages, while in *Espinoza*, the court found meal premiums are wages. *Nguyen v. Baxter Healthcare Corp.*, 2011

WL 6018284, at *8 (C.D. Cal. 2011); *Espinoza v. Domino's Pizza, LLC*, 2009 WL 882845, at * 14 (C.D. Cal. 2009). In *Abad*, the court considered both *Murphy* and *Kirby* and found that *Murphy* is controlling, while in *Bellinghausen*, the court considered both *Murphy* and *Kirby* and declined to find that *Murphy* is controlling. *Abad v. Gen. Nutrition Centers, Inc.*, 2013 WL 4038617, at *3 (C.D.Cal. 2013); *Bellinghausen v. Tractor Supply Company,* 2014 WL 465907, at *8 (C.D. Cal. 2014). Therefore, there exists a substantial grounds for difference of opinion on whether meal period premiums are wages or penalties because the Ninth Circuit and subsequent precedent is split on the issue.

### iii. Whether Appeal is Likely to Materially Advance Ultimate Termination

A district court generally should not permit an interlocutory appeal where it would prolong litigation rather than advance its resolution. *Fenters v. Yosemite Chevron*, 761 F.Supp.2d 957, 1005 (E.D. Cal. 2011). Courts within the Ninth Circuit have held that resolution of a question materially advances the termination of litigation if it "facilitate[s] disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later [in order to] save the courts and the litigants unnecessary trouble and expense." *See United States v.Adam Bros. Farming, Inc*., 369 F.Supp.2d 1180, 1182 (C.D. Cal. 2004). However, to materially advance litigation it is sufficient remove a set of claims against defendants in the lawsuit; it need not remove all of the claims. *Reese v. BP Exploration (Alaska) Inc*., 643 F.3d 681, 688 (9th Cir. 2011).

Although Plaintiff argues an appeal may be lengthy, the relevant question is whether the appeal "may materially advance" the resolution of the litigation. If courts considered the lengthiness of the appeal, courts would likely deny every interlocutory appeal. Furthermore, this case meets the interlocutory appeal's purpose of saving "trouble and expense," *Adam Bros. Farming, Inc*., 369 F.Supp.2d at 1182, because appellate briefing on a relatively narrow legal issue should cost far less than litigating all the facts related to that issue in this Court. Therefore, elimination of pre-trial litigation on non-cognizable claims would result in savings for the litigants and the Court. Furthermore, an immediate appeal could advance termination of litigation by increasing odds of settlement, especially for class action cases, where litigants would be able to

more accurately predict their odds of success, scope of potential liability, and a fair estimate of the case's value. *See In re Northern Dist. of California, Dalkon Shield IUD Products Liability Litigation*, 526 F.Supp 887, 919 (N.D. Cal. 1981) (appeal may materially advance termination where "immediate resolution. . . will lead to increased settlements and save thousands of hours of court time"). Furthermore, this legal question which the district courts have come to varying conclusions on appears to have evaded Ninth Circuit review. *See Medlock v. Taco Bell Corp.*, 2014 WL 6389382, at *2 (E.D. Cal. 2014) ("Courts have found that an appeal will materially advance the ultimate termination of the litigation in situations where an interlocutory appeal would resolve a legal issue implicated in a large number of other cases.").

In conclusion, the Defendants have met all three elements of § 1292(b). Therefore, the motion seeking interlocutory appeal is granted.

      B.   <u>Stay of Proceedings</u>

A district court has authority to stay a case pending interlocutory appeal. *See Nken v. Holder*, 556 U.S. 418, 433 (2009); *Pena v. Taylor Farms Pac., Inc.*, 2015 U.S. Dist. LEXIS 115718, at *4 (E.D. Cal. 2015). Filing an interlocutory appeal does not automatically stay proceedings in the district court, but a district court can grant a stay to "promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972). However, "[a] stay is not a matter of right, even if irreparable injury might otherwise result," rather it is "an exercise of judicial discretion." *Nken*, 556 U.S. at 433. In deciding whether to order a stay pending interlocutory appeals, courts traditionally balance four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Id.* at 434; *Scallon v. Scott Henry's Winery Corp.*, 2015 U.S. Dist. LEXIS 134617, at *3-4 (D. Or. 2015). The first two factors are the most critical. *Nken,* 556 U.S. at 433-34. Courts balance these factors on a sliding scale where "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *Pena*, 2015 U.S. Dist. LEXIS 115718, at *5.

The first issue is whether the applicant has made a strong showing that he is likely to succeed on the merits. *Nken,* 556 U.S. at 433-34. Specifically, the standard for a stay pending interlocutory appeal requires "a substantial case for relief on the merits." *Griffin v. Harrington*, 2013 U.S. Dist. LEXIS 108014, at *5-7 (C.D. Cal. 2013). Here, as discussed above, the courts are split on whether to characterize meal premiums as penalties or wages. However, the standard of a substantial case for relief on the merits does not "demand a showing that success is more likely than not." *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011). Therefore, Defendants have made a moderate showing that the claims are likely to succeed on the merits.

The second issue is whether Defendants will be irreparably injured absent a stay. *Nken,* 556 U.S. at 433-34. "[W]hether the applicant will be irreparably injured absent a stay," requires more than "some possibility of irreparable injury." *Lair v. Bullock*, 697 F.3d 1200, 1214 (9th Cir. 2012), quoting, *id.* Here, Defendants could be financially injured by having to litigate this case, only to have the Ninth Circuit rule in their favor, rendering some litigation efforts moot. "Courts evaluate whether litigation expenses constitute irreparable harm based on the specific circumstances of each case." *Brown v. Wal-Mart Stores, Inc.*, 2012 U.S. Dist. LEXIS 163731, at *10-11 (N.D. Cal. 2012). ("[S]heer size of the class [action of 22,000 individuals] makes it likely that Defendants will incur significant discovery and other litigation expenses while its appeal to the Ninth Circuit is pending.... Forcing Defendant to incur potentially substantial fees and engage in discovery that may ultimately be unnecessary constitutes at least some harm to Defendant"). Defendants refer only to general "unnecessary discovery and motions practice, and trial preparation." Doc. 38, 10:21-22. Defendants have not made a strong showing of irreparable injury.

The third issue is whether issuance of the stay will substantially injure the other parties. *Nken,* 556 U.S. at 433-34. The other party in this case is the Plaintiff. If the law is clear, as the Plaintiff alleges, then he will have merely suffered some delay. *See Brown*, 2012 U.S. Dist. LEXIS 163731, at *11 ("The potential delay in Plaintiff's ability to recover penalties also does not constitute a substantial injury."). Furthermore, Plaintiff has not alleged any negative impacts deriving from the delay. *See Andreiu v. Ashcroft*, 253 F.3d 477, 484 (9th Cir. 2001) (important

9

delay factors include "separation from family members, medical needs, and potential economic hardship."); *Brown*, 2012 U.S. Dist. LEXIS 163731, at *11 (no injury where "[p]laintiff has not demonstrated that time is of the essence in collecting these penalties"); *Perez v. Hartley*, 2010 WL 3505062, at *2 (E.D. Cal. 2010) (absent stay petitioner would face possible unnecessary incarceration). Therefore, other parties will not be substantially injured by the issuance of a stay.

The fourth issue is where the public interest lies. *Nken,* 556 U.S. at 433-34. Although "public interest lies with correctly resolving the question of law at issue here, which potentially impacts all future derivative actions," *Scallon*, 2015 U.S. Dist. LEXIS 134617, at *5, the same argument is not as relevant when considering the public interest in staying this specific case. Resolution of the question of law is not dependent on issuing a stay for this case. Therefore, public interest is not affected by issuing a stay.

In conclusion, the first and third factors favor staying the proceedings while the second and fourth do not. Given this balance, staying the proceedings is unwarranted at this time. Furthermore, there is no guarantee the Ninth Circuit will accept the appeal. *See Robin James v. Price Stern Sloan, Inc.,* 283 F.3d 1064, 1068 (9th Cir. 2002) (even if a district court certifies an order for interlocutory appeal, "the court of appeals nevertheless has discretion to reject the interlocutory appeal, and does so quite frequently."). The parties may wish to revisit this issue if the Ninth Circuit accepts the appeal.

## IV. Order

Defendants' motion to dismiss is DENIED. Defendants' motion to Certify Interlocutory Appeal under 28 U.S.C. Sec. 1292(b) is GRANTED. Defendants' motion to Stay Proceedings Pending Appeal is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: July 29, 2016

SENIOR DISTRICT JUDGE