1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERROD FINDER, on behalf of himself and a class of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | **CASE NO. 1:13-CV-02059-AWI-BAM<br>1:15-CV-00105-AWI-BAM**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE**<br><br>**ORDER TO SHOW CAUSE WHY A STAY SHOULD NOT BE IMPOSED** |

## I. Introduction

On November 15, 2013, Plaintiff Jerrod Finder ("Finder") filed a wage and hour class action against Leprino Foods Company and Leprino Foods Dairy Products Company (collectively "Leprino"), alleging California Labor Code violations including failures to provide a second meal break or accurate itemized statements, waiting time violations, Unfair Business Practices Act violations, and Private Attorneys General Act claims based on those substantive violations.[1] On January 21, 2015, Jonathon Talavera ("Talavera") filed a wage and hour class action against Leprino, alleging, (1) claims relating to Leprino's donning and doffing procedure

---

[1] Finder now proceeds on the Third Amended Complaint, alleging the same claims. Doc. 37.

for required sanitary gear, (2) the same second meal period denial claim as Finder, and (3) claims for failure to pay all hours worked, overtime, and wages upon termination (based on both (a) the second meal period and rest period denials, and (b) the donning and doffing related claims). Both actions are pending before this Court.

Finder asks this Court to consolidate the two actions pursuant to Rule 42 of the Federal Rules of Civil Procedure. Leprino opposes the motion, arguing that because *Talavera* has advanced past the pleading stage and *Finder* has not, consolidation will delay the *Talavera* action. Talavera has not opposed the motion. For the following reasons, Finder's motion will be granted.

## II. Allegations of the Complaints

In both the *Finder* and *Talavera* Actions, the class members are hourly, non-exempt employees of Leprino.

A. The *Finder* Action

The *Finder* Action is premised upon the following factual allegations: Finder and the class members were not provided a second meal period of not less than thirty minutes when they worked more than ten hours a day. Finder and the class were not informed of the right to a second meal period and were not relieved from duties for a second meal period. Finder and the class were never compensated for an additional hour of pay for each meal break not provided. The wage statements provided to Finder and the class did not reflect the wages for the meal breaks that were not provided.[2] When Plaintiff was terminated he was not timely paid the amounts owing as a result of the meal period violations.

The Class Period alleged in the *Leprino* Action is from November 15, 2009 to November 15, 2013.

C. The *Talavera* Action

The *Talavera* Action is premised upon the following factual allegations: Talavera and the class are required to engage in pre- and post-shift work activities that are necessary to their

---

[2] Finder also alleges that the wage statements listed the employer as "Leprino Foods" rather than "Leprino Foods Company" or "Leprino Foods Dairy Products Company." Finder alleges that this failure resulted in Finder and the class being unable to promptly and easily determine the proper legal entity.

overall employment responsibilities, including: donning and doffing required sanitary gear, walking to production lines, waiting in line to sanitize, and waiting for sanitary gear and supplies. The sanitary gear at issue included aprons, smocks, plastic arm sleeves, plastic and cloth gloves, bump caps, hairnets, and earplugs. Leprino required its employees to be dressed in sanitary gear at the start of their shifts. Due to the time inherent in donning and doffing the required garb, Talavera and class members arrived prior to the start of pay time to prepare and don the required sanitary gear, and remained after pay time to doff the required sanitary gear. Leprino does not compensate Talavera or the class for those activities. As a result of the failure to compensate for and count the time worked completing pre- and post-shift activities, Talavera and the class are not paid for all hours worked (sometimes in excess of eight hours in one day or forty hours in one week), are not afforded timely and full 30-minute off-duty first meal periods, and are not afforded full 10-minute off-duty rest periods.

Even when not required to don, doff, or sanitize, Talavera and the class were required to walk substantial distances to clock in and out during meal periods, resulting in incomplete meal periods. *Talavera v. Leprino*, Doc. 11 at ¶ 19.

Talavera also alleges that Leprino's meal policy "did not afford [Talavera] and Class Members with an opportunity to take a second, off-duty meal period on shifts of ten hours or longer." *Talavera v. Leprino*, Doc. 11 at ¶ 20.

Talavera also alleges that Leprino "uniformly deduct[s] the cost of uniforms and required equipment … from … employee[] wages." *Talavera v. Leprino*, Doc. 11 at ¶ 22.

As a result of the failures to record the pre- and post-shift activities and afford legally compliant meal and rest periods or compensate for the failure to afford such periods, the wage statements provided to Talavera and the class were incorrect.

The Class Period alleged in the *Talavera* Action is from January 21, 2011 to January 21, 2015.

### III. Legal Standard

Federal Rule of Civil Procedure 42 permits a court to consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42. "The district court has broad discretion

1   under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S.*

2   *Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In analyzing a motion to

3   consolidate, a court "weighs the saving of time and effort consolidation would produce against

4   any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703,

5   704 (9th Cir.), on reh'g, 753 F.2d 1081 (9th Cir. 1984). Even if a common question exists,

6   consolidation is not appropriate where it would result primarily in "inefficiency, inconvenience,

7   or unfair prejudice to a party." *E.E.O.C. v. HBE Corp*., 135 F.3d 543, 551 (8th Cir. 1998) (citing

8   Fed. R. Civ. P. 42(b)). The party seeking consolidation bears the burden of demonstrating that

9   convenience and judicial economy would result from consolidation. *Wright v. United States*,

10   1993 WL 313040, at *1 (N.D. Cal. Aug. 6, 1993) (citing *Powell v. National Football League*,

11   764 F.Supp. 1351, 1359 (D.Minn.1991)).

**IV. Discussion**

**1. Consolidation**

14          This Court has recognized that the *Finder* and *Talavera* Actions are related pursuant to

15   Local Rule 123(a); both "involve the same parties, the same events, similar question of fact and

16   law, and would … entail a substantial duplication of effort if heard by different judges." Doc. 21.

17   Finder draws the Court's attention to the similar language of Rule 42(a)—"[w]hen actions

18   involving a common question of law or fact are pending before the court, it may order"

19   consolidation or "issue any other orders to avoid unnecessary costs or delay." Fed. R. Civ. P.

20   42(a). In light of the recognized factual and legal similarity, Finder asks the Court to consolidate

21   the *Finder* and *Talavera* Actions. Leprino acknowledges that "[c]ommon questions of law or

22   fact" exist between the *Finder* and *Talavera* actions but contends that consolidation would result

23   delay of the *Talavera* Action and prejudice to Leprino. Doc. 45 at 5. The Court need only

24   address whether judicial economy outweighs any inconvenience, expense, or delay that might

25   result from consolidation.

26   *A. Common Questions of Law and Fact*

27          It is undisputed that common questions of law and fact exist between the two litigations

28   but it is now incumbent upon the Court to identify some of those commonalities.

4

1    The Class Periods for the two actions overlap for approximately three years—from

2  January 2011 to November 2013. During that period, both actions allege that Leprino denied its

3  employees compliant meal periods, provided inaccurate wage statements, engaged in unfair

4  business practices, and incurred wait time penalties. The bases for the alleged violations partially

5  overlap: the *Finder* and *Talavera* complaints both allege that meal period violations resulted

6  from Leprino's policy of not affording second meal breaks after an employee worked for a

7  period of more than ten hours; the *Talavera* Action also alleges that meal period violations

8  resulted from Leprino's policy of not counting off-the-clock donning and doffing and preparation

9  time as compensable resulting in meal breaks that were (1) late and (2) incomplete because

10  employees were required to don and doff sanitary gear during the 30-minute meal periods and

11  15-minute rest periods.

12    The grounds for the violations alleged in the *Talavera* complaint are broader than those

13  alleged in the *Finder* complaint.

14    On September 12, 2016, Talavera filed a motion for class action certification. In that

15  motion, Talavera seeks class certification based only on Leprino's alleged failures to (1) afford

16  second meal periods for shifts lasting at least 10 hours and (2) pay employees for all hours

17  worked because of its time rounding policy and express policy of not paying for hours worked

18  "unless specifically authorized by [a] [s]upervisor." *Talavera v. Leprino*, Doc. 59 at 14. Talavera

19  seems to have abandoned his donning and doffing claims.[3]

20    Although the claims alleged in *Talavera* and *Finder* complaints appeared to present

21  distinct issues, based on the claims that Talavera seeks to certify for class action treatment, it

22  now appears that the matters to be litigated in the *Talavera* and *Finder* Actions considerably

23  overlap.

24  *B. Judicial Economy*

25    Finder suggests that consolidation would "eliminate the risk of inconsistent decisions and

26  dramatically reduce the district court's overall workload." Doc. 44 at 8.

27

28  ---
[3] If nothing else, it would seem that Talavera's counsel has determined that those claims are not suitable for class certification.

When consolidation of two class actions can be accomplished such that a single trial can be held, scarce judicial resources are conserved. The general propositions of law presented are likely to substantially overlap; in both actions the jury will be instructed on the law pertaining to the same California Labor Code sections. As noted, the factual similarities in the two actions are pronounced. In addition to the overlapping class periods and alleged violations of the same statutes, the underlying policies that are alleged to have resulted in the second meal period denials appear to also substantially overlap—Leprino's written policy did not afford either putative class the opportunity to take a second meal period when working a shift exceeding eight hours. *Compare* Doc. 37 at ¶ 13 (Leprino's "meal policy did not afford [putative class members] with an opportunity to take a second, off-duty 30-minute meal period on shifts of ten hours or longer.") *with Talavera v. Leprino*, Doc. 59 at 7 (Leprino's meal "policy was defective on its face because… it did not provide workers who worked in excess of 10 hours in a day with a second meal period…."). The witnesses to be called would likely overlap and the testimony required to prove the claims at issue in the two actions is likely to substantially overlap.[4] *See. Matsushita Elect. Indus. Co. v. CMC Magnetics Corp*, 2007 WL 219779, *2 (N.D. Cal. Jan. 29, 2007) (explaining that overlap in evidence "militates in favor of one slightly longer trial rather than two long trials").

Significant for judicial efficiency purposes is the fact that the *Talavera* and *Finder* Actions stand at dramatically different phases of discovery. In *Talavera*, the parties have completed class certification-related discovery and a motion for class certification is now set for hearing on December 9, 2016. In *Finder*, the Court understands that no discovery has been conducted. If the Court were to consolidate the actions it would be required to maintain separate discovery procedures. Such a practice would hamper judicial economy.

In sum, consolidation of the actions would likely conserve some judicial resources in avoiding empanelment of multiple juries, calling the same witnesses in multiple trials, and instructing multiple juries on largely the same law in two actions. However, the discovery

---

[4] In fact, some of the evidence submitted in support of the *Talavera* motion for class certification relates more to the *Finder* class period than the *Talavera* class period. *See* Doc. 59 at 9.

1  process would continue to require separate tracks, the management of which would likely be

2  cumbersome.

3        Next, the Court does share Finder's concern that separate trials risk inconsistent

4  decisions. Because of the overlap in grounds for the claims at issue in both actions, a finding of

5  liability in one action and a finding of no liability in the other action might risk inconstant factual

6  or legal determinations. The two actions appear to be tied such that a liability finding one action

7  might impact the other.

8  *C. Undue Delay, Inconvenience, or Prejudice*

9        The bulk of Leprino's objection to consolidation is based on its concern that

10  consolidation of the actions will result in delay of the *Talavera* Action.

11        On August1, 2016, this Court certified for interlocutory appeal the question of whether

12  meal period premiums are wages or penalties under California law. *See* 28 U.S.C. § 1292(b). On

13  October 19, 2016, the Circuit Court accepted interlocutory appeal and granted Leprino 14 days to

14  perfect its appeal in accordance with Federal Rule of Appellate Procedure 5(d). Doc. 54. The

15  Court does not presume to estimate a resolution date for that appeal. Instead, it is sufficient for

16  the Court to note that resolution of that question may not be immediately forthcoming. In light of

17  the Court's consideration of imposition of a stay in the *Finder* and *Leprino* Actions, as discussed

18  *infra*, and the indeterminate period that the interlocutory appeal will remain pending before the

19  Circuit Court, consolidating the actions would certainly result in some delay.

20        Moreover, even when the stay imposed in the *Finder* Action is lifted, the actions will

21  continue to be at different stages of litigation. At the time of filing of the consolidation motion,

22  class certification-related discovery had been ongoing in the *Talavera* Action for approximately

23  ten months. As previously noted, a motion for class certification in the *Talavera* Action is now

24  set for a December 9, 2016 hearing before this Court. No discovery has been conducted in

25  *Finder*. Because the actions are at different stages of litigation, consolidation would necessarily

26  involve delaying resolution of the *Talavera* Action to allow the *Finder* action to complete

27  discovery. *See Rendon v. City of Fresno*, 2006 WL 1582307, *6-7 (E.D. Cal. June 2, 2006).

28        That said, the court would note that if the class certification sought in *Talavera* matched

the allegations of the amended complaint, the apparent overlap would be significantly less. It would seem that the focus of the *Talavera* Action has substantially shifted from the claims set forth in the *Talavera* amended complaint. If *Talavera* had alleged in its complaint the claims that it now seeks to have certified the actions may well have been consolidated at an earlier stage of the *Talavera* Action.

*D. Conclusion*

The *Finder* and *Talavera* Actions raise common questions of law and fact and partially overlap in class period, in claims alleged, and likely in class membership. Litigating the two actions together is likely to conserve judicial resources and decrease the likelihood of inconsistent factual or legal determinations. Consolidation of the actions will require delay of the *Talavera* Action to allow discovery in the *Finder* Action. Although delaying resolution of an action is undesirable, in this case the harm in delaying resolution of the *Talavera* Action is outweighed by the interests of judicial economy and avoidance of inconsistent outcomes. Consolidation of the actions will be granted.

**2. Order to Show Cause Why a Stay Should Not Be Imposed**

On July 29, 2016, this Court issued an order granting certification of interlocutory appeal in the *Finder* Action on the issue of "whether meal period premiums are considered wages or penalties" under California law but denying a stay of the action. Doc. 49. This Court explained that it denied the stay, in part, because "there [was] no guarantee the Ninth Circuit [would] accept the appeal." Doc. 49 at 10.[5] That basis for denial of stay no longer exists.

In light of the Court's consolidation of the actions and the fact that the *Finder* and *Talavera* Actions both pursue derivative claims—those dependent on a finding that a meal premium is a wage—that may be impacted by the question certified, Finder, Talavera, and Leprino will all be permitted to submit briefing on the issue of whether a stay should be imposed. Any such briefing must be submitted by December 6, 2016.

///

---

[5] The Court noted that "[t]he parties may wish to revisit this issue if the Ninth Circuit accepts the appeal." Doc. 49 at 10.

### V. Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Finder's motion to consolidate *Finder v. Leprino*, 1:13-cv-2059-AWI-BAM and *Talavera v. Leprino*, 1:15-cv-105-AWI-BAM is GRANTED;

2. Finder, Talavera, and Leprino are ORDERED TO SHOW CAUSE why a stay should not be imposed in light of the circuit court's grant of permission to file an interlocutory appeal in *Finder v. Leprino*.

Any briefing on that issue must be submitted by December 6, 2016.

IT IS SO ORDERED.

Dated:   November 15, 2016         _____

SENIOR  DISTRICT  JUDGE