UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERROD FINDER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LEPRINO FOODS COMPANY, et al.,<br><br>Defendants. | Case No. 1:13-cv-02059-AWI-BAM<br><br>ORDER TO SHOW CAUSE WHY SUBSTITUTION OF ATTORNEY SHOULD NOT BE DENIED, SANCTIONS SHOULD NOT BE IMPOSED AGAINST PHILIP A. DOWNEY FOR UNAUTHORIZED PRACTICE OF LAW, AND/OR PHILIP A. DOWNEY'S PRO HAC VICE STATUS SHOULD NOT BE REVOKED<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

On August 16, 2019, Plaintiff Jerrod Finder ("Plaintiff") filed a Substitution of Attorney seeking to substitute Philip A. Downey as his counsel of record in place of Morris Nazarian. (Doc. No. 98.)

Substitutions of attorney are subject to the approval of the Court. L.R. 182(g). Local Rule 180 governs admission of attorneys to practice before this Court and provides, in relevant part, "[a]dmission to and continuing membership in the Bar of this Court are limited to attorneys who are active members in good standing of the State Bar of California." L.R. 180(a). Attorneys who are not active members in good standing of the State Bar of California may, upon application and in the discretion of the Court, be permitted to appear and participate in a particular case pro hac vice. *Id.* at 180(b)(2).

1

Plaintiff's Substitution of Attorney provides no information regarding whether Mr. Downey is an active member in good standing of the State Bar of California. (Doc. No. 98.) However, a review of the docket indicates that Mr. Downey is not a member of the State Bar of California. Furthermore, although Mr. Downey was admitted pro hac vice on behalf of the Plaintiff Jonathan Talavera in related case *Talavera v. Leprino Foods Company, et al.*, Case No. 1:15-cv-00105-AWI-BAM ("*Talavera*") before it was consolidated with this matter, the docket indicates that Mr. Downey has not filed an application for admission to practice pro hac vice in this case. *See* L.R. 180(b)(2) ("An attorney . . . may, upon application and in the discretion of the Court, be permitted to appear and participate **in a particular case**.") (emphasis added); *Johnson v. Manhattan Ry. Co.,* 289 U.S. 479, 496-497 (1933) ("[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."); *Hall v. Hall*, 138 S.Ct. 118 (2018) (consolidation does not result in the merger of constituent cases); *cf. Schnabel v. Lui,* 302 F.3d 1023, 1036 (9th Cir. 2002) (*Johnson v. Manhattan Ry. Co., supra,* 289 U.S. 479 does not apply for purposes of finality of judgment on appeal but remains good law with respect to consolidation for other purposes); *see also In re U.S.,* 791 F.3d 945, 956 (9th Cir. 2015) (District court's interpretation of its local rules entitled to deference (citing *Bias v. Moynihan,* 508 F.3d 1212, 1223 (9th Cir.2007)); *Curtis v. BCI Coca-Cola Enterprises Bottling Companies*, *supra,* 2014 WL 4417741, at *4 ("[D]istrict courts have broad discretion over the application of its own local rules").

Local Rule 180(b)(2)(ii) requires an applicant for admission pro hac vice to designate a member of the Bar of this Court with whom the Court and opposing counsel may readily communicate regarding the applicant's conduct of the action and upon whom service shall be made. L.R. 180(b)(2)(ii). Mr. Downey's application for admission pro hac vice in *Talavera* solely identifies Cory Lee as such a designee, yet Mr. Lee has withdrawn from this matter. (*See* Doc. No. 97; *Talavera,* Doc. Nos. 6, 7.) *See* L.R. 180(b)(2)(ii).

Additionally, pursuant to Local Rule 180(b)(2),

> "Unless authorized by the Constitution of the United States or an Act of Congress, an attorney is not eligible to practice [pro hac vice] if any one or more of the following apply: (i) the attorney resides in California, (ii) the attorney is regularly employed in California, or (iii) the attorney is regularly engaged in professional activities in California."

L.R. 180(b)(2). According to the Court's records, Mr. Downey has made pro hac vice applications to the Court in the following matters, all of which have been granted: (1) *Salcido, et al. v. Cargill Meat Solutions Corp., et al.*, Case No. 1:07-cv-01347-LJO-GSA; (2) *Franco, et al. v. Ruiz Food Products, Inc.*, Case No. 1:10-cv-02354-SKO; *Barbosa v. Cargill meat Solutions Corp.*, Case No. 1:11-cv-00275; (3) *Aguilar v. Wawona Frozen Foods, et al.*, Case No. 1:15-cv-00093-DAD-EPG; (4) *Talavera v. Leprino Foods Company, et al.*, Case No. 1:15-cv-00105-AWI-BAM; (5) *Brewer v. Saputo Dairy Foods USA, LLC, et al.,* Case No. 1:16-cv-01373-DAD-EPG; (6) *Vasquez, et al. v. Leprino Foods Company, et al.,* Case No. 1:17-cv-00796-AWI-BAM; and (7) *Pena, et al. v. Taylor Farms Pacific, Inc., et al.*, Case No. 2:13-cv-01282. Frequent applications for admission pro hac vice may indicate that an attorney is regularly engaged in professional activities in California in violation of Local Rule 180(b)(2). *See, e.g., Guguni v. Chertoff,* 2008 WL 2080788 (N.D. Cal. 2008); *Mendoza v. Golden West Sav. Ass'n Services Co.*, 2009 WL 2050486 (C.D. Cal. 2009); *Ang v. Bimbo Bakeries USA, Inc.,* 2015 WL 1474866 (N.D. Cal. 2015).

Pursuant to Local Rule 180(d),

> "The Court may order any person who practices before it in violation of [Local Rule 180] to pay an appropriate penalty that the Clerk shall credit to the Court's Nonappropriated Fund. Payment of such sum shall be an additional condition of admission or reinstatement to the Bar of this Court or to practice in this Court."

L.R. 180(d). Local Rule 110 further provides that counsel or a party's failure to comply with the Local Rules or with any order of the Court may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court. *Id.* at 110; *see also id.* at 180(d); *see also Lasar v. Ford Motor Co.*, 299 F.3d 1101 (9th Cir. 2005) (Court may revoke pro hac vice status following notice and an opportunity to respond); *Curtis v. BCI Coca-Cola Enterprises Bottling Companies*, 2014 WL 4417741, at *4 (E.D. Cal. Sept. 5, 2014)

(Court has discretion to revoke pro hac vice status).

Accordingly, it appears that substitution of Mr. Downey as counsel for Plaintiff is improper because he is not admitted to practice law before this Court. Specifically, is appears that Mr. Downey is not an active member in good standing of the State Bar of California and has not been admitted pro hac vice in this case. Moreover, Mr. Downey may have engaged in the unauthorized practice of law before this Court by appearing on behalf of Plaintiff Talavera on numerous occasions without having filed an application for admission pro hac vice in this case. (*See* Doc. No 52, 64, 71, 75, 79) Even if Mr. Downey's admission pro hac vice in *Talavera* could be construed as extending to this case in light of the consolidation, it appears that Mr. Downey's pro hac vice status would be subject to revocation because Mr. Lee has withdrawn as counsel of record and therefore no member of the Bar of this Court identified as a designee as required under Local Rule 180. Mr. Downey may further be considered to have regularly engaged in professional activities in California and therefore be <u>in</u>eligible for admission pro hac vice.

Accordingly, Philip A. Downey is HEREBY ORDERED to SHOW CAUSE why the Substitution of Attorney filed on August 16, 2019 (Doc. No. 98), should not be denied, sanctions should not issue against him for unauthorized practice of law before the Court, and/or why his admission pro hac vice should not be revoked on the basis that he has not identified a member of the Bar of this Court as a designee as required under Local Rule 180 and is regularly engaged in professional activities in California. Mr. Downey shall file a written response to this order to show cause within **twenty-one (21) days** of service of this order.

**<u>Failure to respond to this order to show cause will result in the denial of Plaintiff's Substitution of Attorney, imposition of sanctions, including but not limited to monetary sanctions, and/or revocation of Mr. Downey's pro hac vice status.</u>**

IT IS SO ORDERED.

Dated: **August 30, 2019**         /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE

4