UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERROD FINDER, on behalf of himself and a class of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 1:13-cv-02059-JLT-BAM<br><br>**ORDER DENYING PLAINTIFFS JERROD FINDER AND JONATHON TALAVERAS' MOTION TO STAY PROCEEDINGS WITHOUT PREJUDICE**<br><br>(Doc. 153) |

This action proceeds on the now-consolidated putative class action claims by Plaintiffs Jerrod Finder ("Finder") and Jonathon Talavera ("Talavera") (collectively "Plaintiffs") against Leprino Foods Company and Leprino Foods Dairy Products Company (collectively "Leprino"). On June 8, 2023, Plaintiffs filed a motion to stay the case pending the Ninth Circuit's ruling on the appeal following a jury trial in the related case of *Vasquez v. Leprino Foods Co.*, No. 1:17-cv-00796-AWI-BAM (USCA Case No. 23-15778) and global settlement discussions in all Leprino cases. (Doc. 153.) The Court found the matter suitable for resolution without oral argument, and vacated the hearing set for July 14, 2023. L.R. 230(g).

Having considered the parties' briefs and the record in this action, Plaintiffs' motion will be denied without prejudice.

1

## I. BACKGROUND

Finder filed a wage and hour class action against Leprino on November 15, 2013, alleging California Labor Code violations including failures to provide a second meal break or accurate itemized statements, waiting time violations, Unfair Business Practices Act violations, and Private Attorneys General Act claims based on those substantive violations. Talavera filed a wage and hour class action against Leprino on January 21, 2015, alleging (1) claims relating to Leprino's donning and doffing procedure for required sanitary gear, (2) the same second meal period denial claim as Finder, and (3) claims for failure to pay all hours worked, overtime, and wages upon termination (based on both (a) the second meal period and rest period denials, and (b) the donning and doffing related claims).

On November 21, 2016, the Court consolidated the *Finder* and *Talavera* actions, concluding that the bases for the alleged violations partially overlap. The Court explained:

> [T]he *Finder* and *Talavera* complaints both allege that meal period violations resulted from Leprino's policy of not affording second meal breaks after an employee worked for a period of more than ten hours; the Talavera Action also alleges that meal period violations resulted from Leprino's policy of not counting off-the-clock donning and doffing and preparation time as compensable resulting in meal breaks that were (1) late and (2) incomplete because employees were required to don and doff sanitary gear during the 30-minute meal periods and 15-minute rest periods.

(Doc. 63.) The Court noted, however, that Talavera filed a motion for class certification which sought certification based only on Leprino's alleged failure to (1) afford a second meal period for shifts lasting at least 10 hours and (2) pay employees for all hours worked because of its time rounding policy and express policy of not paying for hours worked unless specifically authorized by a supervisor. (*Id.* at p. 5.) Talavera apparently abandoned his donning and doffing claims or at least determined they were not suitable for class certification. (*Id.* at p. 5, n.3.)

On August 16, 2016, prior to consolidation of the matters, the Court granted Leprino's motion in the *Finder* action to certify for interlocutory appeal the question of whether "failure to itemize or pay 'meal period premiums' constitutes failure to itemize or pay 'wages.'" (Doc. 49.) On October 19, 2016, the Ninth Circuit granted permission for interlocutory appeal. Thereafter, on January 20, 2017, the Court stayed this action pending resolution of Leprino's interlocutory

1  appeal. (Doc. 81.) The Ninth Circuit affirmed and issued its mandate on July 8, 2022. (Docs.
2  132 and 133.)

3  On July 13, 2022, following the Ninth Circuit's mandate, this Court lifted the stay and
4  directed the parties to submit proposals for advancing the action. (Doc. 134.) In response to the
5  parties' proposals and a request for guidance, on September 27, 2022, the Court issued an order
6  on the relevant discovery period at issue. The Court indicated that in its order consolidating the
7  *Finder* and *Talavera* matters, it acknowledged that the parties had completed class certification-
8  related discovery and filed a motion for class certification in the *Talavera* matter, but had not
9  conducted discovery in the *Finder* matter. (Doc. 137.) The Court found the distinction in
10 discovery status significant because the pending *Talavera* motion for class certification covered
11 only the time period between 01/21/2011 and 09/12/2016 while the time period covered in *Finder*
12 dated back to 12/17/2009. (*Id.*) The Court therefore directed the parties to develop a discovery
13 plan for claims covering the time period between 12/17/2009 and 01/20/2011, including dates for
14 filing supplement briefing on the pending *Talavera* motion for class certification to account for
15 that time period. (*Id.* at p. 2.)

16 Following multiple status conferences with the parties, on December 19, 2022, the Court
17 declined to set further discovery and supplemental briefing deadlines pending conclusion of the
18 trial in the related *Vasquez* matter. (Doc. 146.) At issue in *Vasquez* was whether Leprino had a
19 facility-wide practice at its Lemoore West facility between May 8, 2013 and March 31, 2020 that
20 required class members to be on-call during their meal and rest breaks. On April 6, 2023, the jury
21 rendered a verdict for Leprino. (*Vasquez*, 1:17-cv-00796, Doc. 430.) Plaintiffs Vasquez and
22 Hefke appealed on May 5, 2023. (*Id.* at Doc. 436.) Leprino filed a conditional cross appeal in
23 the event the Ninth Circuit does not affirm the district court's judgment. (*Id.* at 439.)

24 Plaintiffs now seek a stay of all proceedings pending the appeal in *Vasquez* and to pursue
25 global settlement discussions of all Leprino class actions.

26 **II.  LEGAL STANDARD**

27 In deciding whether to issue a stay, the Court applies the standard set forth in *Landis v.*
28 *North American Co.*, 299 U.S. 248, 254 (1936), which "typically applies to stays of proceedings

1  pending the resolution of a related action in another court." *Flores v. Bennett*, No. 1:22-cv-
2  01003-JLT-HBK, --- F. Supp. 3d ---, 2023 WL 3751998, at *2 (E.D. Cal. June 1, 2023) (citing
3  *Landis*, 299 U.S. at 249-50). "[T]he power to stay proceedings is incidental to the power inherent
4  in every court to control the disposition of the causes on its docket with economy of time and
5  effort for itself, for counsel, and for litigants." *Landis.*, 299 U.S. at 254 (1936). A court may issue
6  a stay of proceedings in the interests of efficiency and fairness when a "pending resolution of
7  independent proceedings [ ] bear[s] upon the case." *Leyva v. Certified Grocers of Cal. Ltd.*, 593
8  F.2d 857, 863 (9th Cir. 1979). "A stay should not be granted unless it appears likely the other
9  proceedings will be concluded within a reasonable time in relation to the urgency of the claims
10 presented to the court." *Id.* at 864.

11  The *Landis* factors guide the analysis of when a stay is appropriate; these factors include:
12 "[1] the possible damage which may result from the granting of a stay, [2] the hardship or
13 inequity which a party may suffer in being required to go forward, and [3] the orderly course of
14 justice measured in terms of the simplifying or complicating of issues, proof, and questions of law
15 which could be expected to result from a stay.*"* *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir.
16 1962) (citing *Landis*, 299 U.S. at 254-55). If there is "even a fair possibility" of harm to the
17 opposing party, the moving party "must make out a clear case of hardship or inequity in being
18 required to go forward." *Landis,* 299 U.S. at 255; *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112
19 (9th Cir. 2005).

20  **III.   DISCUSSION**

21      A.   Plaintiffs' Position

22  Plaintiffs claim that because of the overlapping issues in *Vasquez*, this case was stayed for
23 quite some time. Because those issues are now on appeal, Plaintiffs believe it makes no sense to
24 continue litigating the same issues when the Ninth Circuit will provide guidance on how to
25 proceed. (Doc. 153-1 at p. 6.) In particular, Plaintiffs indicate that the appeal in *Vasquez* "will
26 resolve numerous legal questions about what it means to provide a proper meal period, what the
27 proper jury instructions are for such a claim, and more." (*Id.*) Plaintiffs further indicate that
28 Leprino has cross-appealed "virtually every order related to certification, summary judgment,

motions *in limine*, and expert challenges," and "it makes little to no sense to force the Parties to continually litigate the same issue and file the same briefs over again in a vacuum." (*Id.*) Plaintiffs note that the opening briefs on the cross-appeals in *Vasquez* are currently due on August 14, 2023. (*Id.* at p. 2; Doc. 158-1, Ex. A, Time Schedule Order.)

Additionally, Plaintiffs contend that Leprino's pending motion for summary judgment or decertification in the related matter of *Perez v. Leprino Foods Co., et al.*, No.1:17-cv-00686-JLT-BAM, concerns the same issues. Plaintiffs assert that the motion is massive, and includes arguments advanced by Leprino that have been rejected multiple times by the previously assigned district judge. Plaintiffs claim that a decision by the Ninth Circuit in *Vasquez* and by this Court in *Perez* "will likely resolve numerous issues, give guidance on how the Parties can proceed forward, and *hopefully* reduce the scope of Leprino's redundant and erroneous legal challenges." (Doc. 153-1 at p. 7) (emphasis in original).

As to the relevant *Landis* factors, Plaintiffs contend: (1) no parties will be damaged by a temporary stay and they will instead benefit from the Ninth Circuit's guidance in *Vasquez*; (2) all parties and the Court will face hardship for being forced to move forward and re-litigate the same issues all over again; and (3) a temporary stay will simplify issues, because the *Vasquez* appeal should narrow the parties' disputes—particularly in light of Leprino's cross-appeal.

B. Leprino's Position

Leprino counters that Plaintiffs have not stated with any specificity how the appeal in *Vasquez* will clarify or simplify the issues here because "the sole issue tried in *Vasquez*—whether Leprino had a facility-wide practice at its Lemoore West facility that placed class members on call during their meal and rest breaks—is entirely different from the meal-period and wage-statement claims at issue in this case." (Doc. 156 at p. 6.)

With regard to Plaintiffs' attempted justification for a stay based on the *Perez* summary judgment and decertification motions, Leprino contends that *Perez* involves different claims from those in this action. The cases also involve two different facilities with different policies and practices. Leprino asserts that any resolution of the *Vasquez* appeal or the *Perez* motions "will have no effect on and will not simplify any of the issues here." (*Id.*)

5

As to the *Landis* factors, Leprino argues that Plaintiffs have not met their burden of showing undue hardship in continuing to prosecute this case and the relevant factors weigh against a stay.

In addition to challenging the requested stay, Leprino seeks sanctions against Plaintiffs' counsel for noticing the instant motion before the magistrate judge and for failing to meet and confer prior to filing the motion.

C. *Landis* Factors

1. Possibility of Damage

The first *Landis* stay factor considers the "possible damage which may result from the granting of a stay" to either party. *CMAX*, 300 F.2d at 268. Leprino argues that granting a stay will cause undue delay. (Doc. 156 at p. 8.) This delay will allegedly expand the scope of Leprino's potential liability because Plaintiffs seek to represent putative classes composed of individuals employed or formerly employed by Leprino four years before their respective lawsuits until the date of trial or until judgment. Leprino contends that any more delay will expand the putative class size, the scope of Leprino's potential liability, and the potential damages Plaintiffs could receive. (*Id.*)

The Court finds compelling Leprino's assertion that the delay would potentially expand the putative class size, potential liability, and potential damages. *See, e.g.*, *Woodruff v. Jewell*, No. 1:14-CV-00066-EJL, 2015 WL 2095824, at *2 (D. Idaho May 5, 2015) (denying stay where it was at least plausible defendant would be prejudiced by delaying the case and expanding its temporal, legal, and factual scope). Plaintiffs suggest that there is no evidence that a temporary stay will increase Leprino's liability. (Doc. 158 at pp. 9-10.) However, Plaintiffs offer no argument regarding Leprino's potential liability, nor do they offer any concessions regarding the temporal scope of the proposed class(es).

The Court also finds persuasive Leprino's argument that damage could result from witnesses potentially becoming unavailable or their memories fading, and to evidence becoming stale. "Delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Blue Cross and Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490

F.3d 718, 724 (9th Cir. 2007) (citation and quotation marks omitted). Previously, when granting the stay pending resolution of Leprino's interlocutory appeal, the Court found that "based on discovery already conducted pre-consolidation of this action and the status update safeguards that the Court will impose, the court does not realistically expect that the delay will cause loss of crucial information." *Finder v. Leprino Foods Co.*, No. 1:13-CV-02059-AWI-BAM, 2017 WL 1355104, at *3 (E.D. Cal. Jan. 20, 2017). However, that stay was issued in 2017, more than six years ago, and the outstanding discovery regarding Finder's claims dates back to 2009. Adding to the already extensive delays in this case may result in the loss of crucial witness information or evidence. Because Plaintiffs claims will proceed in this action regardless of what happens in the *Vasquez* appeal or the *Perez* matter, the parties should complete discovery sooner rather than later. Given that there is a fair possibility of some cognizable harm to Leprino if a stay is entered, the Court must determine whether Plaintiffs have made clear case that it will suffer hardship or inequity. *Lockyer*, 398 F.3d at 1112.

        2.        Hardship or Inequity

The second *Landis* factor considers "the hardship or inequity which a party may suffer in being required to go forward." *CMAX*, 300 F.2d at 268. Plaintiffs suggest that it would be wasteful to force the parties (and the Court) to relitigate the same issues in a vacuum and that with the Ninth Circuit's ruling in *Vasquez*, the parties "will be more informed on how to proceed." (Doc. 153-1 at p. 7.) Plaintiffs also cite to the Court's massive caseload and urge that moving forward in this case would compound that issue. (Doc. 153-1 at p. 7.) Leprino counters that Plaintiffs' complaint about conducting discovery and preparing briefs does not constitute hardship or inequity.

"[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of Landis.' " *Lockyer,* 398 F.3d at 1112 (quoting *Landis*, 299 U.S. at 255, 57 S.Ct. 163). Conversely, conducting "'substantial, unrecoverable, and wasteful' discovery and pretrial motions practice on matters that could be mooted by a pending appeal may amount to hardship or inequity sufficient to justify a stay." *Finder*, 2017 WL 1355104, at *4 (quoting *Pena v. Taylor Farms Pac., Inc.*, No. 2:13-cv-01282-KJM-AC, 2015 WL

5103157, at *4 (E.D. Cal. Aug. 31, 2015)).

In this instance, it is not evident to the Court that the Ninth Circuit's decision in *Vasquez* will streamline the issues that the parties must litigate moving forward in this action. As discussed, the sole issue presented to the jury in *Vasquez* involved the question of whether Leprino had a facility-wide policy at its Lemoore West facility between May 2013 and March 2020 that required class members to be on call during both meal and rest breaks. (*Vasquez,* 1:17-cv-00796, Doc. 430.) Neither Finder nor Talavera bring a claim that they were required to remain on-call during meal and rest breaks, and Plaintiffs do not argue otherwise. Rather, Plaintiffs assert that the appeal in *Vasquez* "will resolve numerous legal questions about what it means to provide a proper meal period, what the proper jury instructions are for such a claim, and more." (Doc. 153-1 at 6.) Yet, even if the Ninth Circuit resolves questions concerning on-call meal breaks and rest periods, that resolution likely will not provide significant guidance on the legal questions regarding second meal periods presented in this case nor inform the parties' litigation and discovery strategies. Plaintiffs appear to suggest that the issues identified in Leprino's cross-appeal will bear on issues in this case, such as class certification, summary judgment, and decertification, but that cross-appeal will only be heard if the Ninth Circuit reverses the jury's verdict. Leprino indicates that even then, the Ninth Circuit's review will be done only in relation to the on-call break theory. (Doc. 156 at p. 14 n.3.)

Plaintiffs argue, however, that the cross-appeal likely will involve the standard for decertification, for example, and whether it is Plaintiffs' burden to present additional and new evidence to prove Federal Rule of Civil Procedure 23 is met again after the merits phase. (Doc. 158 at p. 8.) Plaintiffs argue that if the Ninth Circuit reverses the jury verdict, reverses the district judge's ruling related to the standard for decertification, and determines that Plaintiffs must obtain additional evidence in the merits phase to establish class certification again, then their litigation approach will be fundamentally altered. (Doc. 158 at p. 8.) Plaintiffs query how they are supposed to advise the Court as to expanded discovery in the merits phase or how the Court is supposed to determine what is relevant and discoverable for Rule 23 before the Ninth Circuit rules on the issue. (Doc. 158 at pp. 7-8.)

8

The Court is not persuaded that resolution of the decertification question would fundamentally alter the scope and substance of merits discovery on Plaintiffs' claims regarding second meal periods.  This is not an instance in which claims may be mooted by resolution of the appeal.  Moreover, it is unclear to the Court why Plaintiffs would be precluded from fashioning their merits discovery (if a class is certified and the case reaches that stage) already knowing the decertification standard that Leprino reportedly argues "whenever [it] files a motion for decertification."[1]  (Doc. 158 at p. 8.)  Further, the Court is not wholly persuaded that the *Vasquez* appeal will reach the issue of decertification given the conditional nature of the cross-appeal and the attenuated nature of the decertification issue.

Plaintiffs also suggests that the *Perez* summary judgment motion concerns the same issues.  However, the *Perez* summary judgment motion relates to claims that Leprino required class members to remain on call during their meal and rest breaks, coerced them to work during their meal breaks, and knowingly failed to pay them for time spent performing pre- and post-shift tasks. (*Perez*, No. 1:17-cv-00686-JLT-BAM, Doc. 103).  There is no indication that the instant action proceeds on any such claims.

To the extent Plaintiffs assert that they are in the middle of a global settlement negotiation of all Leprino cases as a reason for issuing the stay, Plaintiffs fail to demonstrate why settlement discussions could not proceed while the appeal remains pending or while this action moves forward in certification discovery.  No settlement conference has been scheduled, and Plaintiffs have not indicated that settlement is imminent or that there is a deadline for settlement discussions to conclude.  (*See* Doc. 156-1, Declaration of Sandra L. Rappaport, ¶ 8.)

Based on the above, the Court does not find that moving forward with this action would cause a potentially unnecessary hardship or inequity.

### 3. Orderly Course of Justice

Finally, the third *Landis* factor considers "the orderly course of justice measured in terms

---

[1] It also is not clear that the *Vasquez* appeal will be unresolved by the time the parties reach the summary judgment or decertification stage in this action given that class certification discovery remains outstanding, and certification has not even been fully briefed.  Plaintiffs will not be precluded from renewing their request for a stay should the need become apparent.

9

of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55). A *Landis* stay is inappropriate if another proceeding is "unlikely to decide, or to contribute to the decision of, the factual and legal issues before the district court." *Lockyer*, 398 F.3d at 1113. As mentioned, the claims at issue here differ from those at issue in *Vasquez*. Whether the jury verdict in *Vasquez* is upheld or reversed, it will in no way contribute to the decision and issues before this Court. Plaintiffs have suggested that the only potential impact of the appeal would be if the Ninth Circuit reaches certain issues of proof raised by Leprino's conditional cross-appeal. However, Leprino has asserted that the conditional cross-appeal relates only to the on-call theories at issue in *Vasquez*.

### D.     Sanctions

Leprino contends that the Court should sanction Plaintiffs' counsel for noticing and briefing the matter before the assigned magistrate judge and for failing to meet and confer before filing the motion to stay. (Doc. 156 at pp. 17-18.) As to the objection to the noticing of the deposition before the magistrate judge, the district court has determined that this objection "is unfounded, as such motions are non-dispositive and are routinely handled by the assigned magistrate judges in this district." (Doc. 157.) As to the objection based on the failure to meet and confer, however, the district court directed Plaintiffs to either file either (1) a declaration establishing that the meet and confer requirements have been met, (2) a notice withdrawing the motion, or (3) a revised motion after the meet and confer process has been completed. (*Id.*)

On June 29, 2023, Plaintiffs filed the declaration of counsel Kitty K. Szeto relevant to the parties' meet and confer efforts. (Doc. 158-1). Relevant here, Ms. Szeto declares:

> On May 9, 2023, prior to the filing of this motion, I spoke on the telephone with Defendant Leprino Food Company's ("Leprino") lead counsel, Sandra Rappaport, collectively about all of the Leprino cases, and specifically discussed a stay of all proceedings. I specifically asked her if Leprino would be amenable to a stay of all proceedings in light of the Vasquez appeal and to facilitate settlement discussions. She stated she would discuss with Leprino. Likewise, on May 30, 2023, I sent Ms. Rappaport an e-mail once again proposing a stay and asking if Leprino is willing to stipulate to stay all of the Leprino cases. On May 31, 2023, I had another call with Ms. Rappaport. Ms. Rappaport confirmed receipt of my e-mail and informed me that Leprino is not willing to stay any of the Leprino cases. She rejected my proposal of a stay and confirmed Leprino would decline any stays because it

wanted "to preserve its litigation advantage." During our call, Ms. Rappaport did not mention any other reasons for not staying the cases and did not mention any concerns that Leprino would somehow actually be prejudiced by a stay. After multiple attempts trying to reach an agreement, I understood Leprino's position would be to oppose a stay, and that a motion would need to be filed.

(*Id.* at ¶ 1.) Given counsel's understanding that Leprino opposed a stay and that a motion would need to be filed, the Court finds that further meet and confer efforts likely would not have yielded different results and that Leprino would continue to oppose any stay request. Accordingly, the Court declines to issue sanctions at this time.

### IV. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' motion to stay proceedings is DENIED without prejudice;

2. Leprino's request for sanctions is DENIED; and

3. The Court sets a further Status Conference on **August 30, 2023, at 10:00 AM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe.** The parties shall meet and confer in advance of the conference and file a status report (jointly or separately) one week prior to the status conference. The parties shall appear at the conference remotely either via Zoom video conference or Zoom telephone number. The parties will be provided with the Zoom ID and password by the Courtroom Deputy prior to the conference. The Zoom ID number and password are confidential and are not to be shared. Appropriate court attire required.

IT IS SO ORDERED.

Dated:  **July 18, 2023**                              /s/ *Barbara A. McAuliffe*
                                                                        UNITED STATES MAGISTRATE JUDGE

11